# katten

**50 Rockefeller Plaza**
**New York, NY  10020-1605**
**+1.212.940.8800 tel**
**katten.com**

**MICHAEL M. ROSENSAFT**
michael.rosensaft@katten.com
+1.212.940.6631 direct
+1.212.940.8776 fax

July 29, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    Pre-Motion Letter in *Matter of Bulgari v. Bulgari*, No. 1:22-cv-05072-LGS

Dear Judge Schofield:

    The undersigned firms are counsel for the Defendant. We write pursuant to Your Honor's July 25th Order directing the parties to more fully discuss Defendant's anticipated motion to dismiss or to stay these proceedings.

    This case is a family dispute concerning two trusts created in 2005 by the Parties' father principally for the benefit of their mother and for which their mother was initially the sole trustee. In 2015, Defendant was appointed co-trustee of one of the two trusts.  Then, when the Parties' mother passed away in 2019, Defendant, the eldest of three sisters and the sole citizen and resident of the United States, became the sole trustee of both trusts.  Following the death of their mother, Defendant was charged with distributing the assets of the trusts in equal parts to the three siblings, including the Defendant and the Plaintiff.  That distribution has been made (minus a $3 million holdback for taxes, administrative expenses, and accounting and legal fees) and the Plaintiff is, as a result, a beneficiary of significant wealth.  Defendant has received no compensation for her work as a trustee.

    Since their mother's death, Plaintiff has been raising baseless, fanciful complaints about the administration of the trust, overwhelmingly about the decade during which the Defendant was not even a trustee.  Then, on November 3, 2021, more than six months before this action was filed, Plaintiff invoked the jurisdiction of the New York County Surrogate's Court by filing a petition to compel an immediate distribution of the remaining liquid assets.  *See* Petition, *In re Application of Ilaria Bulgari to Compel a Distribution*, File No. 2021-3336 (N.Y. Surr. Ct. 2021).  Despite the production of numerous records in an attempt to amicably resolve the administration of the trusts, and confronted with continuing baseless accusations of Plaintiff and her succession of lawyers, Defendant has had to resort to a judicial accounting pursuant to Article 22 of the Surrogate's Court Procedure Act, at great expense.  Indeed, for the last 12 months, third party accountants have examined and analyzed over 15 years of transactions.  A judicial accounting has been completed

# Katten

July 29, 2022
Page 2

and was submitted to Surrogate's Court this week with a copy to Plaintiff. This accounting, spanning more than 1,000 pages, renders this action moot.

Should the judicial accounting still not satisfy Plaintiff, Defendant intends to move to dismiss the Complaint or otherwise stay this action in deference of the Surrogate's Court proceedings on four bases: (1) the abstention doctrine announced by the Supreme Court in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976); (2) the doctrine of *forum non conveniens*; (3) the probate exception to federal diversity jurisdiction; and (4) for failing to state damages with the requisite particularity.

First, under the *Colorado River* doctrine, a federal court may abstain from exercising diversity jurisdiction when there are parallel proceedings "to avoid duplicative litigation" and in "consideration of wise judicial administration." *Id.* at 817. Cases are parallel when "substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) (citing *Day v. Union Mines Inc.*, 862 F.2d 652, 655 (7th Cir. 1988)). Once a Court determines there are parallel proceedings, it considers six factors in determining whether to abstain from exercising jurisdiction: "(1) whether the controversy involves a res over which one of the courts has assumed jurisdiction, (2) whether the federal forum is less inconvenient than the other for the parties, (3) whether staying or dismissing the federal action will avoid piecemeal litigation, (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other, (5) whether federal law provides the rule of decision, and (6) whether the state procedures are adequate to protect the plaintiff's federal rights." *Woodford v. Cmty Action Agency of Greene County*, 239 F.3d 517, 522 (2d Cir. 2001). In this case, abstention is appropriate because the same Parties are litigating the administration of the same trusts in Surrogate's Court. Further, under the factors above, the Surrogate's Court already has assumed jurisdiction over the *res*, dismissing or staying this action will avoid piecemeal litigation, Surrogate's Court is more than adequate to protect Plaintiff's rights, and the entirety of this case is based on New York State trust law, where "states have an especially strong interest and a well-developed competence". *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 516 (2d Cir. 1973).

Second, Defendant will argue that the doctrine of *forum non conveniens* counsels this Court to exercise its discretion to dismiss this case. "A district court should dismiss a complaint where, on balance, resolution of the matter in an adequate alternative forum would be more convenient for the parties and courts and more just." *LaSala v. UBS, AG*, 510 F. Supp. 2d 213, 221 (S.D.N.Y. 2007). In deciding whether to exercise this discretion, a Court considers: (i) the degree of deference properly accorded the plaintiff's choice of forum; (ii) whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute; and (iii) the private and public interests implicated in the choice of forum. *Accent Delight Int'l Ltd. v. Sotheby's*, 394 F. Supp. 3d 399, 408–09 (S.D.N.Y. 2019). Here, Plaintiff filed an action in Surrogate's Court six

# Katten

July 29, 2022
Page 3

months before this litigation, Surrogate's Court provides the same protections as Plaintiff would have in this Court, and Surrogate's Court has an interest and expertise in adjudicating New York State trust law.

Should the Court not be inclined to wholly dismiss this action, Defendant will argue in the alternative that these proceedings should be stayed pending resolution of the proceedings in Surrogate's Court, which is the most appropriate jurisdiction to handle the accounting and issues of trust law raised herein. *See, e.g.*, *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Third, Defendant will argue that this action should be dismissed because the allegations in Plaintiff's complaint fall within the probate exception to federal diversity jurisdiction. The Supreme Court held in *Marshall v. Marshall*, 547 U.S. 293 (2006) that this Court's diversity jurisdiction does not extend to claims related to the administration or contestation of trusts and estates where affording relief would involve the disposition of the *res* within the control of a state's probate court. *See id.* at 296 ("When one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*. Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from disposing of property that is in the custody of a state probate court."). The probate exception applies even when a plaintiff's claims are *in personam* against the Trustee, if resolution of those claims would implicate the trust's *res*—as it does here. *Mercer v. Bank of New York Melon*, 609 Fed. App'x 677, 679 (2d Cir. 2015) ("Although Plaintiffs have styled their claims in this case as 'in personam' claims against Defendants for breach of fiduciary duty, breach of contract, and breach of the duty of loyalty, we must examine the substance of the relief that Plaintiffs are seeking, and not the labels they have used.").

Finally, Defendant will move to dismiss this complaint for failing to set forth damages with the requisite particularity. The only references to damages in the entire complaint is a jurisdictional recital that Plaintiff suffered damages of more than $75,000. Compl. ¶ 96, 104; *id.* at p. 25. Such "bare bones assertions [of damages] fail to satisfy the basic pleading requirements of Rule 12(b)(6)." *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 623 (S.D.N.Y. 2013).

We understand Your Honor's Order of July 25 to mean that the parties should defer any briefing on the motions described above until after we appear before Your Honor on August 24.

# Katten

July 29, 2022
Page 4

        Respectfully Submitted,

        */s/ Michael M. Rosensaft*
        Michael M. Rosensaft
        Jake A. Nussbaum

        **KATTEN MUCHIN ROSENMAN LLP**
        50 Rockefeller Plaza
        New York, NY 10020
        T: 212-940-8800
        michael.rosensaft@katten.com
        jake.nussbaum@katten.com

        */s/ Mitchell A. Karlan*
        Mitchell A. Karlan

        **GIBSON, DUNN & CRUTCHER LLP**
        200 Park Avenue
        New York, NY 10166
        T: 212-351-3827
        mkarlan@gibsondunn.com

        *Attorneys for Defendant Veronica Bulgari*