USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/11/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ILARIA BULGARI,

                        Plaintiff,

          - against -

VERONICA BULGARI, in her capacity as
Trustee of the Anna Bulgari Family Trust #1
And Trustee of the Anna Bulgari Family
Trust #2,

                        Defendant.
-------------------------------------------------------------X

22-CV-05072 (LGS) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves the pending issue concerning Plaintiff's motion to compel a deposition of non-party Barclays as set forth at Dkt. 203. Barclays involvement in the instant matter is entirely tangential. The case focuses on claims of alleged mismanagement by Defendant of certain trusts of which Defendant did not become co-trustee until 2015. Yet, the Barclay accounts at issue, and for which Barclays has already produced thousands of pages of account records, were closed in 2012, and Barclays sold the relevant business unit to another company, Stifel in a transaction that closed in December 2015. Recognizing the limited relevance, if any, of anything a Barclays witness could testify to, Plaintiff identified a limited number of questions she wanted to cover with Barclays "regarding high level factual information (e.g., the years the Trust accounts with Barclays were opened, the timing of the Stifel sale, etc.) and confirming whether Barclays is aware of any outreach in the last few years from Defendant or her representatives regarding records, etc." (Dkt. 203 at 2.) Barclays has already provided

1

information responsive to these questions, although not in testimonial form. (*See* Barclays Letter dated April 28, 2023.) Barclays opposes the application to compel, contending it would be unduly burdensome and not proportionate to the needs of the case. Accordingly, the Court orders as follows:

In lieu of a deposition, Barclays may provide a sworn declaration providing the limited information sought. If the content of the declaration is acceptable to the parties, and if Defendant stipulates that the Declaration is admissible evidence, then there will be no need for a deposition. If the parties and Barclays cannot come to agreement on terms of a declaration and stipulation by May 18, 2023, Plaintiff may take a deposition of Barclays strictly limited to the following: (1) the years the Trust accounts were opened at Barclays (answers to which Barclays may derive from the account records); (2) the timing of the sale to Stifel; and (3) the extent to which Barclays is aware of efforts made by Defendant to obtain records from Barclays. The deposition may, at Barclays option, be taken remotely. The deposition shall be limited to one hour.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 11, 2023
       New York, New York