UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
ILARIA BULGARI,                                              :
                                       Plaintiff,            :
                                                             :         22 Civ. 5072 (LGS)
              -against-                                      :
                                                             :              ORDER
VERONICA BULGARI,                                            :
                                       Defendant.            :
                                                             :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, on May 8, 2023, Magistrate Judge Robert W. Lehrburger granted in part Defendant's motion to compel Plaintiff to produce, for purposes of assessing Plaintiff's alleged damages, unredacted versions of (1) invoices and timesheets pertaining to legal and investigative work performed, (2) the investigate report prepared by Kroll Inc. ("Kroll"), an investigative and risk consulting firm hired to investigate Defendant's alleged misconduct and (3) counsel's communications with Kroll (the "Order"). Pursuant to the Order, Plaintiff must produce "invoices and timesheets that reveal not only the time expended and by whom, but also the tasks for which that time was expended" with limited redactions "for content that truly reflects attorney thoughts or the content of protected attorney-client communications." Plaintiff need not produce the Kroll report or counsel's communications with Kroll.

  WHEREAS, on May 22, 2023, Defendant timely filed an objection to the portion of the Order denying Defendant's motion to compel. Defendant contends that Plaintiff waived the attorney-client privilege and work product protection over the material by placing Kroll's work "at issue" and that Defendant's substantial need for the Kroll report and related email overcomes the work product doctrine. Defendant moves also to redact portions of her objection.

  WHEREAS, on May 30, 2023, Plaintiff filed a response to Defendant's objection, and on

June 2, 2023, Defendant filed a reply.

WHEREAS, for objections to a magistrate judge's ruling on nondispositive matters, district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lin v. Lynch*, 813 F.3d 122, 126 (2d Cir. 2016) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A ruling is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Nike, Inc. v. StockX LLC*, No. 22 Civ. 983, 2023 WL 3091671, at *1 (S.D.N.Y. Apr. 26, 2023).[1] "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Jablonski v. Special Couns., Inc.*, No. 16 Civ. 5243, 2023 WL 2644212, at *1 (S.D.N.Y. Mar. 27, 2023).

WHEREAS, an order regarding a motion to compel is nondispositive. *See, e.g.*, *SEC v. Collector's Coffee Inc.*, No. 19 Civ. 4355, 2021 WL 391298, at *4-6 (S.D.N.Y. Feb. 4, 2021) (treating a dispute related to a motion to compel as nondispositive and affording deference to the magistrate judge's ruling).

WHEREAS, the Order correctly found that Plaintiff had not "waived work product protection over such materials by claiming as damages the money spent on the investigation" into Defendant's alleged misconduct. Nor has Defendant shown a "substantial need" for the Kroll

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

Report and related emails in light of the substantially unredacted invoices and timesheets that Plaintiff was compelled to produce. Defendant's argument about the "opaque work descriptions" provided by Plaintiff does not prove otherwise. As the Court finds that the Order was neither clearly erroneous nor contrary to law, it is hereby

**ORDERED** that Defendant's objection to the Order is OVERRULED. It is further

**ORDERED** that Defendant's motion to redact portions of her objection is **GRANTED**.

*See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 241.

Dated: June 9, 2023
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**