USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/14/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ILARIA BULGARI,

                     Plaintiff,

           - against -

VERONICA BULGARI, in her capacity as
Trustee of the Anna Bulgari Family Trust #1
And Trustee of the Anna Bulgari Family
Trust #2,

                     Defendant.
------------------------------------------------------------X

22-CV-05072 (LGS) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves the letter motion filed at Dkt. 268 and the request by Plaintiff at Dkt. 283 (filed in response to the Court's order at Dkt. 278), to maintain under seal certain portions of Defendant's Answer and Counterclaims filed at Dkt. 269. The Court has considered the three-part rubric set forth by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this analysis, the Court: (i) determines whether the documents in question are "judicial documents;" (ii) assesses the weight of the common law presumption of access to the materials; and (iii) balances competing considerations against the presumption of access. *Id*. at 119–20. "[P]leadings [which include Answers and Counterclaims] … are Judicial records subject to a presumption of public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016). Moreover, "[c]onfidentiality agreements alone are not an adequate basis for sealing." *Bristol-Meyers Squibb Co. v. Novartis Pharma AG*, No. 22-MC-124, 2022 WL 1443319, at *1 (S.D.N.Y. May 6, 2022); *see also Bernsten v.*

1

*O'Reilly*, 307 F. Supp.3d 161, 168 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents") (collecting cases).

Taking into account the nature of the document at issue, the weight afforded to the common law presumption of access to such materials, the privacy interests of the parties and non-parties, the significance of the material sought to be maintained under seal to the counterclaims asserted, and also recognizing that much of the material at issue comes from discovery material produced by Plaintiff during the discovery process, the Court determines as follows:

1. All redacted material in paragraphs 37, 49, 53-54, 61, 64, 67, 70-74, 89-90, 92-93, 96-98, 104-105 shall be unredacted inasmuch as Plaintiff consents to same, and, in any event, the information redacted does not merit being maintained under seal.

2. The following additional paragraphs shall be unredacted in their entirety: 38-39 , 46, 51, 62, 100, 103.

3. In paragraph 52, the portion of the redacted language beginning with "satisfied" and ending with "owed" shall be unredacted.

4. In paragraphs 57 and 58, the text shall be unredacted but the photographs shall remain redacted.

5. In paragraph 59, the text shall be unredacted, except that the specific dollar amounts shall remain redacted, and the photograph shall remain redacted.

6. In paragraph 60, "Threat of litigation" in the first line shall be unredacted; the other redactions shall be maintained.

7. Paragraph 63 shall remain redacted.

8.  In paragraph 68, the phrase beginning "hundreds" and ending with "in" shall remain redacted; the other redactions shall be unredacted.

9.  In paragraph 119, the phrase beginning with "tens" and ending with "dollars" shall remain redacted; the other redactions shall be unredacted.

The Clerk of Court is respectfully requested to terminate the letter motion at Dkt. 268.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 14, 2023
      New York, New York