```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
    ILARIA BULGARI,                                         :
                                                            :
                              Plaintiff,                    :     22 Civ. 5072
                                                            :
                 -against-                                  :     OPINION AND ORDER
                                                            :
    VERONICA BULGARI,                                       :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Ilaria Bulgari brings this action against Defendant Veronica Bulgari alleging breach of fiduciary duty and negligence. Defendant moves for summary judgment on all claims. In a Report and Recommendation (the "Report"), Magistrate Judge Robert Lehrburger recommended that Defendant's motion be granted in part and denied in part. *Bulgari v. Bulgari as Tr. of Anna Bulgari Fam. Tr. #1*, No. 22 Civ. 5072, 2024 WL 3498781 (S.D.N.Y. July 22, 2024) (hereinafter "*Bulgari I*"). Both parties timely objected. For the following reasons, the Report's recommendation is adopted, except as to one cause of action as explained below.

I.  BACKGROUND

Familiarity with the Report, the underlying facts and procedural history is assumed.

Plaintiff commenced the instant action on June 16, 2022, alleging both breach of fiduciary duty and negligence, against Defendant solely in her capacity as trustee of two trusts (the "Family Trusts") established by the parties' father, Nicola Bulgari, for their mother, Anna Bulgari. After denial of a motion to dismiss, Defendant filed an answer and counterclaims against her sister, Ilaria Bulgari and Jan Boyer. Defendant now moves for summary judgment on both of Plaintiff's claims. Defendant's counterclaims are not the subject of any motion.

This motion was referred to Judge Lehrburger for a report and recommendation. The Report makes several evidentiary recommendations related to declarations filed in connection with the summary judgment briefing, to which neither party objects. The Report recommends granting summary judgment to Defendant on several portions of Plaintiff's fiduciary duty claim. Specifically, the Report finds that: Defendant was not a co-trustee of the Family Trusts at the time assets allegedly went missing and so cannot be liable for any related breach of duty; Defendant complied with her obligation to investigate the alleged irregularities in trust records; Defendant had no duty related to the Filicaia Trust or Nicola Bulgari's decision to cut off funds to Plaintiff; and Plaintiff suffered no damages related to Defendant's failure to record title to property held by the Family Trusts. The Report recommends denying summary judgment on other portions of the fiduciary duty claim, finding that genuine issues of disputed fact remain regarding whether Defendant adequately responded to Plaintiff's requests for trust-related information, whether Defendant was disloyal to Plaintiff in delaying the distribution of assets and whether and to what extent either action caused damages to Plaintiff. Finally, the Report recommends that Plaintiff's negligence claim be dismissed as duplicative.

## II.   STANDARD

### A.   Summary Judgment

Summary judgment is appropriate when the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d

Cir. 2020).[1]  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131, 148 (2d Cir. 2017).

In evaluating a motion for summary judgment, a court must "construe the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 354 (2d Cir. 2021).  "Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002); *accord Rodriguez v. City of New York*, No. 21 Civ. 1384, 2023 WL 2368985, at *2 (S.D.N.Y. Mar. 6, 2023).

**B.      Report and Recommendation**

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1).  Even when exercising de novo review, "[t]he district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order); *accord Rodriguez v. Berryhill*, No. 18 Civ. 0918, 2019 WL 5158721, at *4 (S.D.N.Y. Oct. 15, 2019).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

"When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016); *accord TCA Television Corp. v. McCollum*, No. 15 Civ. 4325, 2018 WL 2932724, at *2 (S.D.N.Y. June 12, 2018). Similarly, where no specific written objection is made, "the district court can adopt the report without making a de novo determination." *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); *accord Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 345 (S.D.N.Y. 2019) ("A district court evaluating a magistrate judge's report may adopt those portions of the report to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (finding that neither 28 U.S.C. § 636(b)(1)(C), nor the legislative history, indicates that "Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Arguments not raised prior to an objection should be dismissed, as "new claims may not be raised properly at this late juncture . . . ." *Clarke v. United States*, 367 F. Supp. 3d 72, 77 (S.D.N.Y. 2019).

## III. DISCUSSION

The Report is thorough and well-reasoned. It is adopted with respect to the portions to which neither party objects and with respect to the overruled objections described below.

### A. Plaintiff's Objections

Plaintiff makes four objections to the Report, that: (1) the Report incorrectly concludes that Defendant did not breach a fiduciary duty related to Nicola Bulgari's cutting off Plaintiff's financial support and revoking the Filicaia Trust; (2) the Report improperly resolves factual

4

questions about when Defendant became trustee of the Family Trusts; (3) the Report improperly resolves factual questions related to whether Defendant adequately investigated trust-related irregularities and (4) the Report incorrectly concludes that Plaintiff's negligence claim was duplicative of her fiduciary duty claims. Plaintiff's objections are overruled except her objection related to Defendant's role in Nicola Bulgari's stopping payments to Plaintiff and revoking the Filicaia Trust.

### 1. Duty to Plaintiff Related to Nicola Bulgari and the Filicaia Trust

Defendant owed Plaintiff a fiduciary duty of loyalty as trustee of the Family Trusts, and relevant disputes of fact preclude summary judgment as to whether she violated that duty by influencing their father's decisions to stop payments to Plaintiff and to revoke the Filicaia Trust, a separate revocable trust that he established. The Report concludes that Defendant owed no fiduciary duty to Plaintiff related to Nicola Bulgari's actions.

Under New York law,[2] a trustee owes a fiduciary duty for conduct related to the administration of the trust and its property. *In re Est. of Wallens*, 877 N.E.2d 960, 962 (N.Y. 2007) (A trustee "owes a duty of undivided and undiluted loyalty" and "is under a duty to the beneficiary to administer the trust solely in the interest of the beneficiary. . . ."); *Kleeberg v. Eber*, 665 F. Supp. 3d 543, 569 (S.D.N.Y. 2023), *appeal withdrawn*, No. 23-787, 2023 WL 10821243 (2d Cir. June 8, 2023). The duty of loyalty is "[t]he most fundamental duty owed by the trustee to the beneficiaries" and requires "a trustee to administer the trust solely in the

---

[2] New York law governs state law issues pertaining to the Family Trusts and Defendant's duties as trustee because the parties' submissions assume that New York law applies. *See Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017) (where the parties' briefs assume that a particular state law controls, "such implied consent is . . . sufficient to establish the applicable choice of law").

interest of the beneficiaries." *Pegram v. Herdrich*, 530 U.S. 211, 224 (2000); *accord Wong v. I.A.T.S.E.*, No. 23 Civ. 7629, 2024 WL 898866, at *3 (S.D.N.Y. Mar. 1, 2024).

A material dispute of fact on two issues precludes summary judgment -- the role Defendant played in her father's decisions and whether Defendant's actions were sufficiently connected to Defendant's administration of the Family Trusts to give rise to a breach of Defendant's duty to Plaintiff regarding those trusts. Defendant argues in her response to Plaintiff's objections that Defendant had no role in their father's decisions to revoke the Filicaia Trust or stop payments to Plaintiff and that, even if she had, any such actions would be outside the scope of her fiduciary duty as trustee to the Family Trusts. Plaintiff relies on several communications between Defendant, her husband and attorneys to show what Plaintiff characterizes as a scheme to pressure Plaintiff into accepting the new trust terms and to stop investigating the Family Trusts' records. These communications include messages about a draft letter written by Defendant, purportedly on behalf of their father, to Plaintiff telling her to stop or face consequences and messages about financial pressure on Plaintiff that hopefully would result in her compliance. As the Report explains, a reasonable jury could find that Defendant's goal was to stop Plaintiff from investigating the Family Trusts and the alleged discrepancies in the records. If so, Defendant's actions in furtherance of that goal would breach Defendant's duty of loyalty, because Defendant would be obstructing a beneficiary's access to records and information about the trust and pressuring her to accept less favorable trust terms. The communications regarding the draft letter and the timing of the revocation of the trust and end of payments to Plaintiff would allow a reasonable jury to conclude that Defendant had some role in their father's decision, even absent direct evidence that Defendant caused their father to cut off Plaintiff. A reasonable jury could also conclude that Defendant influenced their father's decision

at least in part because Plaintiff had questioned Defendant's actions as trustee of the Family Trusts.

Contrary to Defendant's assertion, Plaintiff did not waive her arguments that this conduct breached Defendant's duty under the Family Trusts or that she is entitled to any resulting damages. Plaintiff argued in opposition to summary judgment that Defendant's actions breached her fiduciary duty as trustee of the Family Trusts because they were part of a scheme to obtain Plaintiff's compliance with changes in the Family Trusts and to stop her requests for information. Defendant cites as support for her waiver argument the proposition that arguments raised only in a footnote are waived, and Plaintiff's footnote in her opposition to summary judgment arguing that the relevant damages causation standard is the "substantial factor" test. Defendant's argument is unavailing because other portions of Plaintiff's opposition make clear that the remedy Plaintiff seeks is restitution. The Report does not address the appropriate damages causation standard, and neither does this decision.

Summary judgment is denied on Plaintiff's claim that Defendant breached a fiduciary duty related to Nicola Bulgari's cutting off Plaintiff's financial support and revoking the Filicaia Trust.

### 2. Missing Assets Claim and Date Defendant Became a Trustee

Summary judgment is granted to Defendant on Plaintiff's "missing assets" claim. The Report's discussion and recommendation on this claim are adopted. The Report found that Defendant "did not breach her fiduciary duty in failing to account for funds that allegedly went missing years before she became co-trustee." Plaintiff objects, asserting that when Defendant became co-trustee is a disputed issue of fact and that Defendant breached her fiduciary duty to

7

investigate the missing assets even if she became trustee in 2015. These objections are overruled.

Plaintiff argues in her objections that certain facts create a dispute regarding the date Defendant became a trustee, precluding summary judgment -- Defendant and her husband both participated in trust-related meetings before 2015; a 2005 Trustee Certification lists Defendant as a co-trustee; a 2008 Authorization for Account Statements references a co-trustee; a 2011 closing memo identifies Defendant as a trustee; and Defendant's husband had power of attorney with control of trust assets. Plaintiff asserts that, based on these facts, a reasonable jury could conclude that Defendant had accepted the role of trustee at some point before 2015.

Under New York law, "an individual designated as a trustee . . . is not qualified to act until he accepts the designation[,]" and that acceptance "may be manifested in an abundance of ways, and can be expressed either orally or inferred from conduct." *Sankel v. Spector*, 819 N.Y.S.2d 520, 524 (1st Dep't 2006); *see also In re Palermo*, 370 B.R. 599, 620 (Bankr. S.D.N.Y. 2007) (holding that under New York law an individual was not a trustee because he never accepted the role). To create an issue of fact, Plaintiff must present evidence sufficient to support the inference that Defendant accepted the role of trustee before 2015. *See Horror Inc. v. Miller*, 15 F.4th 232, 240-41 (2d Cir. 2021) (explaining that, to survive summary judgment, the non-moving party "must present sufficient probative evidence to establish a genuine issue of material fact" and "[i]f the nonmoving party submits evidence that is merely colorable, or is not significantly probative, then summary judgment may be granted").

Here, Plaintiff has not presented evidence from which a reasonable jury could conclude that Defendant accepted the role of trustee before 2015. Documents and testimony support that on May 28, 2015, Defendant was appointed as a co-trustee. As the Report explains, none of the

8

three documents Plaintiff cites, from 2005, 2008 and 2011, supports the conclusion that Defendant had accepted the trustee role prior to 2015, as the documents were not signed by, nor do they indicate any other assent from, Defendant. Actions taken by Defendant's husband, a lawyer who provided legal advice to Anna Bulgari in her capacity as trustee, are not probative of whether and when Defendant accepted the role of co-trustee. It is undisputed that Defendant assisted her mother, Anna, and attended meetings related to the Family Trusts before 2015, but Plaintiff points to no evidence that Defendant acted as a trustee at these meetings or held herself out as a trustee in any way. Plaintiff concedes that the meetings attended by Defendant, her husband and Anna also included discussion of personal accounts in addition to the Family Trusts. Based on the record evidence, no reasonable jury could conclude that Defendant manifested acceptance of the trustee role prior to 2015.

Second, Plaintiff waived her argument that Defendant breached a duty after she became co-trustee in 2015 by failing to investigate immediately the allegedly missing $1.28 million. A footnote in Plaintiff's opposition to summary judgment first raised the argument: "Even if [Defendant] did not become co-trustee until May 2015, her fiduciary responsibilities included a duty to examine the assets in the Family Trusts at the time she became co-trustee and investigate any issues that pre-dated her trusteeship[,]" resulting in an obligation to investigate the money from the Lehman Brothers account. The Report explains that this argument is waived because it was relegated to a footnote. *Bulgari I,* 2024 WL 3498781, at *24; *see Chamberlain Est. of Chamberlain v. City of White Plains,* 960 F.3d 100, 116 n.23 (2d Cir. 2020) (considering argument raised in a footnote insufficient to preserve the issue for appellate review). Plaintiff cannot raise an argument now that was waived before. Summary judgment is granted to Defendant on the "missing assets" portion of Plaintiff's fiduciary duty claim.

9

### 3. Investigative Duty

Summary judgment is granted to Defendant on the portion of the fiduciary duty claim alleging that Defendant breached her duty as trustee to exercise reasonable diligence by failing to investigate irregularities first brought to her attention in November 2021. The Report's recommendation and findings are adopted on this issue. *See Bulgari I*, 2024 WL 3498781, at *20.

A trustee has a "duty to exercise fiduciary discretion and to act as a prudent person of comparable skill would act in similar circumstances." Restatement (Third) of Trusts, § 80. This duty may "call for obtaining and considering the advice of others on a reasonable basis." *Id.* § 77, cmt. b; *see also In re U.S. Bank Nat. Ass'n*, 27 N.Y.S.3d 797, 806 (N.Y. Sup. Ct. 2015) ("Obtaining competent guidance and assistance is particularly important where the particular aspect of the trust's administration requires greater than ordinary knowledge or experience."). Trustees also have a duty to "exercise reasonable effort and diligence in . . . monitoring the trust situation . . . . This will ordinarily involve investigation appropriate to the particular action under consideration, and also obtaining relevant information . . . ." Restatement (Third) of Trusts, § 77 cmt. b. Even where the facts are undisputed, the issue of whether conduct is reasonable is ordinarily a question of fact for the jury. *Beck Chevrolet Co. v. Gen. Motors LLC*, 787 F.3d 663, 678 (2d Cir. 2015), *unrelated certified question answered*, 53 N.E.3d 706 (N.Y. 2016). But where no reasonable jury could find that the conduct was unreasonable, summary judgment is appropriate. *Cf. Blasetti v. Schindler Elevator Corp.*, No. 21 Civ. 7540, 2024 WL 3227072, at *5 (S.D.N.Y. June 28, 2024) (granting summary judgment on a negligence claim because no reasonable jury could conclude defendant had notice of the defect at issue).

The Report and the parties focus on two sets of irregularities calling for investigation. The first involved issues Plaintiff identified in the Morgan Stanley account statements. The second involved the "missing assets" from Lehman Brothers, an argument that Plaintiff waived, as discussed above.

Addressing only the first issue, no reasonable jury could find that Defendant failed to exercise reasonable diligence regarding the Morgan Stanley account statements. Plaintiff first raised the issue to Defendant in a November 2021 letter in which Plaintiff summarized issues in the Morgan Stanley account statements -- for example, "thirty-one instances where the monthly opening account balance does not agree with the previous month's closing balance." The letter did not identify the instances or provide the underlying documents or analysis. Defendant requested a copy of the report underlying the assertions in order to respond, which Plaintiff did not provide until six months later. Defendant promptly responded with explanations for many of the issues, and instructed Morgan Stanley and her lawyers to resolve the discrepancies. A trustee may make use of professional services and counsel to better fulfill her duties, and New York courts have held that doing so is "significantly probative of prudence." *In re U.S. Bank*, 27 N.Y.S.3d at 806. Plaintiff's response is to suggest that a jury could view these efforts as insufficient because Defendant should have reviewed the statements herself immediately and tried to find the various discrepancies that Plaintiff's expert already had identified but described only vaguely to Defendant. The Report correctly found that no reasonable jury could conclude that Defendant failed to exercise reasonable diligence in these circumstances.

Plaintiff raises a separate objection that the Report "ignores" Defendant's failure to investigate the Morgan Stanley account "on her own." Plaintiff argues that Defendant should have investigated *before* being alerted to the irregularities identified by Plaintiff. But this

11

argument is not preserved. In her opposition to summary judgment, Plaintiff argued only that Defendant "had an obligation to investigate any irregularities brought to her attention." She cannot now object that the Report addresses only the issue she raised and does not address whether Defendant should have investigated *before* irregularities were brought to her attention. *Clarke*, 367 F. Supp. 3d at 77 ("new claims may not be raised properly at this late juncture").

### 4. Negligence Claim

Summary judgment is granted to Defendant on Plaintiff's second cause of action for negligence because, as the Report found, this claim is duplicative of the breach of fiduciary duty claim and Defendant identified no duty of care that Defendant owed Plaintiff independent of Defendant's fiduciary duty as trustee.

Plaintiff objects to this conclusion, arguing that to the extent that Defendant was not a Trustee before May 2015, she voluntarily assumed a duty of reasonable care to the trust's beneficiaries by assisting her mother's administration of the trust. Plaintiff does not dispute that the negligence claim is duplicative of the fiduciary duty claim once Defendant became co-trustee.

Plaintiff's argument based on an assumed duty is rejected, both because it was waived and on the merits. The argument is waived because it was not raised adequately in the Complaint or Plaintiff's summary judgment briefing. Plaintiff made the argument for the first time in her objections to the Report. *See, e.g.*, *id*. The negligence claim in the Complaint is based entirely on Defendant's "duty of care to Trust #1 and to [Defendant], as a beneficiary of Trust #1." Plaintiff's opposition to the motion for summary judgment adds in a single sentence that, "to the extent a jury might ultimately agree that [Defendant] did not formally become co-trustee and therefore did not assume fiduciary duties until May 2015, her conduct pre-dating

May 2015 would engender liability for negligence." This passing mention of pre-2015 conduct gives no notice or explanation of a basis for Defendant owing or breaching a duty of care to the trust beneficiary prior to becoming trustee. The sentence merely states that Defendant's pre-2015 conduct may support a negligence claim without describing what conduct or why. The case Plaintiff cited in support of this sentence also does not support finding that her opposition raised this claim. The case discusses differences between negligence and fiduciary duty claims and special circumstances where either duty may arise between a broker and a customer outside of contractually negotiated obligations. *See de Kwiatkowski v. Bear Stearns & Co.*, 126 F. Supp. 2d 672, 695 (S.D.N.Y. 2000), *rev'd on other grounds*, 306 F.3d 1293 (2d Cir. 2002). The case does not involve trust law, nor does it state that a person assumes a duty of care to trust beneficiaries by assisting a trustee. Nowhere does Plaintiff cite any law that supports this proposition. Summary judgment is granted to Defendant on the negligence cause of action.

### B. Defendant's Objections

Defendant objects to the Report's recommendation to deny summary judgment to Defendant on the breach of fiduciary duty claim related to whether Defendant sufficiently and timely responded to Plaintiff's requests for trust related information, and whether Defendant was disloyal to Plaintiff by delaying distribution of trust assets. Defendant objects on the basis that Plaintiff failed to adduce evidence of damages from these alleged breaches. Defendant's objections are overruled because Plaintiff has provided sufficient support for both categories of damages to create an issue of fact.

#### 1. Damages from Defendant's Alleged Delay in Providing Trust Records

Summary judgment is denied on the portion of Plaintiff's fiduciary duty claim that Defendant failed to make timely production of trust records that Plaintiff had requested. In their

objections, the parties dispute whether and what portion of Plaintiff's attorneys' fees are attributable to obtaining those records and what portion are unrecoverable because they are litigation-related expenses. The Report correctly concludes that these questions are issues of fact for the jury. Plaintiff has proffered evidence that her attorney worked on her behalf to obtain the records from Defendant and her attorneys prior to Plaintiff's raising the possibility of litigation in around July 2020. It is for the jury to answer whether and to what extent these expenses may be recoverable as damages because they are non-litigation expenses.

### 2. Damages from Allegedly Delayed Distributions

Summary judgment is denied on the portion of the fiduciary duty claim related to Defendant's alleged delay in distributing trust assets. Defendant objects that Plaintiff has not adduced sufficient evidence of damages to survive summary judgment. That objection is overruled, and the findings in the Report to the contrary are adopted. Defendant's objection consists of three separate arguments which are addressed in turn below.

First, Defendant argues that neither Plaintiff nor the Report cites evidence of any damages resulting from the first delay -- between Anna's death and the time of the first distribution -- and that the trust assets greatly increased in value during that period. Defendant's motion for summary judgment addresses the question of damages from the aggregate delay over the entire period when Defendant was Trustee. Specifically, Defendant's motion argues that there were no damages from any delayed distributions because the Family Trusts appreciated overall. The Report correctly rejected this argument because it ignores evidence of damages related to the delay in the second and third distributions. Consequently, summary judgment on the entire claim alleging delay in the distributions in the aggregate is inappropriate.

Second, Defendant argues that, contrary to the Report's finding, Plaintiff did not adduce evidence that the trust assets decreased in value during the second delay -- between the second distribution and the third distribution. Plaintiff cites her declaration in support of the decline in value, which states that by the time of the third distribution, "the value of Trust #1's investments had declined" and Plaintiff received "far less than what [she] would have received if [Defendant] had made the distribution at the end of 2020." Plaintiff's interrogatory responses state that the value of the trust assets declined by $3,544,432 during this period, resulting in a pro rata harm to Plaintiff of $1,184,810. Despite Defendant's argument to the contrary, Plaintiff's declaration and interrogatory response are evidence of a decline in trust value during the period at issue, creating a dispute of material fact that Defendant has not contradicted with her own evidence. *See Deebs v. Alstom Transp., Inc.*, 346 F. App'x. 654, 656 (2d Cir. 2009) (summary order) (stating that self-serving deposition testimony, by itself, "is insufficient to defeat summary judgment" when contradicted by "the hard evidence adduced during discovery"); *accord Carzoglio v. Paul*, No. 17 Civ. 3651, 2024 WL 776031, at *6 (S.D.N.Y. Feb. 26, 2024). The weight that should be given to Plaintiff's evidence is a matter for the jury.

Third, Defendant argues in her objection that, even if the trust's assets did decline in value between the second and third distributions, Plaintiff did not proffer evidence that she would have invested the trust assets differently such that she would not have incurred the same financial loss. This argument is rejected because, as the Report observed, it "is beside the point." Defendant is incorrect that the measure of damages must take into account how Plaintiff would have invested the earlier distributed funds. First, prior to her objections, Defendant never raised the argument that Plaintiff would not have realized the loss caused by a lesser value on the belated distribution date. Even if this argument had been preserved, the correct measure of

15

damages is the difference between what the delayed distribution caused Plaintiff to receive and the greater amount that she would have received from a timely distribution. *See In re Est. of Janes*, 681 N.E.2d 332, 339 (N.Y. 1997) ("In imposing liability upon a fiduciary on the basis of the capital lost, the court should determine the value of the stock on the date it should have been sold, and subtract from that figure the proceeds from the sale of the stock."); *accord In re Est. of Kenney*, 117 N.Y.S.3d 800 (Table), at *3 (N.Y. Surr. Ct. 2019). The measure of damages is not the difference between the value of the actual distribution compared with the value it would have had given how Plaintiff likely would have invested the funds during the period of the delay. *See, e.g.*, *In re Est. of Kenney*, 117 N.Y.S.3d 800, at *3 (observing that New York courts have rejected a theory of damages considering costs of lost opportunity from alternate investment options and explaining that "[w]here, as here, a fiduciary's imprudence consists solely of negligent retention of assets it should have sold, the measure of damages is the value of the lost capital."); *Fed. Ins. Co. v. Mertz*, No. 12 Civ. 1597, 2016 WL 164618, at *7 (S.D.N.Y. Jan. 12, 2016) (same). Defendant cites no case law to support her novel proposal for the measure of damages. Defendant's suggestion that the Report supports her argument is based on a misreading of the Report. *See Bulgari I*, 2024 WL 3498781, at *21-22, 21 n.35 (observing that Defendant's delegation of management of the trust assets to Morgan Stanley benefitted the trust, and that despite Plaintiff's argument that the value of investments declined between the second and third distributions, she does not suggest that the assets should have been invested differently during that period).

### C. Remainder of the Report

As to the remainder of the Report to which the parties did not object, the Court finds no clear error on the face of the record. Accordingly, these portions are adopted in full. *See* 28

U.S.C. § 636(b)(1) (In reviewing a magistrate judge's recommendations, a District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed. R. Civ. P. 72(b), Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *accord Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp.*, No. 15 Civ. 211, 2020 WL 1911205, at *5 (S.D.N.Y. Apr. 20, 2020).

## IV. CONCLUSION

For the foregoing reasons, the Report's recommendation is adopted in full except as set forth above.

Defendant's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Specifically, summary judgment is **GRANTED** in Defendant's favor on (1) Plaintiff's claims that Defendant breached her fiduciary duty with respect to missing assets, maintaining records, investigating irregularities, and failing to record change in ownership of the cottage with the county clerk, and (2) Plaintiff's claim for negligence. Summary judgment is **DENIED** to Defendant on Plaintiff's claims for breach of fiduciary duty with respect to whether Defendant breached her duty of loyalty by influencing Nicola Bulgari's decisions to stop payments to Plaintiff or to revoke the Filicaia Trust, whether Defendant sufficiently and timely responded to Plaintiff's requests for trust-related information, whether Defendant was disloyal to Plaintiff by delaying distribution of assets, and whether and to what extent either of those breaches caused damages to Plaintiff.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 322.

Dated: September 30, 2024
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE