UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                    :

ILARIA BULGARI,                          :

                        Plaintiff,     :

                                   :          22 Civ. 5072 (LGS)

          -against-             :

                                   :          **ORDER**

VERONICA BULGARI,                  :

                    Defendant.  :

                                   :
---------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 18, 2025, Magistrate Judge Robert W. Lehrburger issued an order denying Defendant and Counterclaim-Plaintiff Veronica Bulgari ("Defendant")'s motion to compel production of documents withheld by Plaintiff and Counterclaim-Defendant Ilaria Bulgari ("Plaintiff") on the basis of the attorney-client privilege (the "Order").

WHEREAS, Defendant timely objected to the Order on April 1, 2025.  Defendant argued that Plaintiff waived the attorney-client privilege covering her communications with her former counsel, Curtis, Mallet-Prevost, Colt & Mosle LLP, by filing malpractice and breach of fiduciary duty claims against the firm (the "Curtis-Mallet Matter"), allegedly placing "at issue" legal advice relevant to both the Curtis-Mallet Matter and this litigation.  Under New York law, "at issue" waiver occurs when a party affirmatively places privileged communications at issue in litigation, such that application of the privilege would deprive the opposing party of vital information.  *Deutsche Bank Tr. Co. of Americas v. Tri-Links Inv. Tr.*, 43 A.D.3d 56, 64 (1st Dep't 2007).

WHEREAS, Plaintiff opposed the objections, asserting that the Curtis-Mallet Matter was limited to immigration and tax advice, that no privileged materials in this case had been placed "at issue" and that any waiver in the Curtis-Mallet Matter should be narrowly construed.

WHEREAS, Defendant filed a reply in support of her objections on April 14, 2025.

WHEREAS, for objections to a magistrate judge's ruling on non-dispositive matters, district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lin v. Lynch*, 813 F.3d 122, 126 (2d Cir. 2016) [1]; *accord Newman v. Bayer Corp.*, No. 22 Civ. 7087, 2025 WL 856225, at *2 (S.D.N.Y. Mar. 19, 2025). A ruling is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Newman*, 2025 WL 856225, at *2. "It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Jablonski v. Special Couns., Inc.*, No. 16 Civ. 5243, 2023 WL 2644212, at *1 (S.D.N.Y. Mar. 27, 2023). "Thus, the party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." *United States ex rel. Integra Med Analytics LLC v. Laufer*, No. 17 Civ. 9424, 2023 WL 4200865, at *1 (S.D.N.Y. June 27, 2023).

WHEREAS, the Order denies Defendant's motion to compel, finding that the Curtis-Mallet Matter did not result in (i) "a wholesale waiver of privilege" or (ii) a narrower "waiver that encompasses information that is relevant to and claimed as privileged in the instant litigation." An order regarding a motion to compel is non-dispositive. *See, e.g.*, *Bulgari v. Bulgari*, No. 22 Civ. 5072, 2023 WL 3936673, at *1 (S.D.N.Y. June 9, 2023) (treating a dispute related to a motion to compel as non-dispositive and affording deference to the magistrate judge's ruling).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

WHEREAS, the Order is neither clearly erroneous nor contrary to law.  New York law governs this privilege inquiry because in diversity actions "the issue of privilege is to be governed by the substantive law of the forum state . . . ."  *Dixon v. 80 Pine St. Corp.*, 516 F.2d 1278, 1280 (2d Cir. 1975); *accord Abrahami v. Meister Seelig & Fein LLP*, No. 21 Civ. 10203, 2023 WL 2159491, at *3 (S.D.N.Y. Feb. 22, 2023).

WHEREAS, Defendant first contended that the waiver of privilege in the Curtis-Mallet Matter extended beyond the specific communications disclosed in that proceeding, to all trust-related communications on the firm's privilege log.  This argument is legally incorrect as the case law does not support extending the waiver of attorney-client privilege beyond the specific communications disclosed in the Curtis-Mallet proceeding.  *See, e.g.*, *2138747 Ontario Inc. v. Lehman Bros. Holdings, Inc.*, 210 A.D.3d 412, 413 (1st Dep't 2022) ("While plaintiff has waived the attorney-client privilege as to any information that has already been revealed in the pleadings of the malpractice claims . . . , there is no subject matter waiver as a result of these limited disclosures."); *cf. Bowne of N.Y.C., Inc. v. AmBase Corp.*, 150 F.R.D. 465, 477, 479 (S.D.N.Y. 1993) (applying federal and New York law to find waiver of privilege where both proceedings shared the same "principal issues" and the party asserting privilege "chose, for its own tactical reasons, to waive the privilege as to any matters relevant to the counterclaims").

WHEREAS, Defendant argued that advice provided by Robert Sheehan (a Curtis-Mallet partner and former co-trustee of the Ilaria Trust) was "at issue" in both cases.  But "the fact that a privileged communication contains information relevant to issues the parties are litigating does not, without more, place the contents of the privileged communication itself 'at issue' in the lawsuit."  *Ambac Assurance Corp. v. DLJ Mortg. Cap., Inc.*, 92 A.D.3d 451, 452 (1st Dep't 2012).  "'[A]t issue' waiver occurs when the party has asserted a claim or defense that he intends

to prove by use of the privileged materials," and application of the privilege would deprive the opposing party of vital information. *Tri-Links Inv. Tr.*, 43 A.D.3d at 64. "Generally, no 'at issue' waiver is found where the party asserting the privilege does not need the privileged documents to sustain its cause of action." *Ambac Assurance Corp.*, 92 A.D.3d at 452. As Plaintiff does not require the privileged documents to sustain her cause of action in either proceeding, the Order is not clearly erroneous nor contrary to law in holding that the "claims in the litigation against Curtis-Mallet [do not] effect . . . a waiver that encompasses information that is relevant to and claimed as privileged in the instant litigation." It is hereby

**ORDERED** that Defendant's objections to Judge Lehrburger's March 18, 2025, Order are **OVERRULED**.

Dated: April 22, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE