```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
ILARIA BULGARI,                                               :
                                    Plaintiff,                :
                                                              :    22 Civ. 5072 (LGS)
                  -against-                                   :
                                                              :
VERONICA BULGARI,                                             :        ORDER
                                    Defendant.                :
                                                              :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 21, 2025, Magistrate Judge Robert W. Lehrburger granted in part and denied in part Defendant and Counterclaim-Plaintiff Veronica Bulgari ("Veronica")'s motion to compel production of documents related to the Ilaria Trust (the "March Order"). The March Order required Plaintiff and Counterclaim-Defendant Ilaria Bulgari ("Ilaria") to produce account statements for the Ilaria Trust, un-redact any outgoing transaction greater than $10,000 and identify the owner of any financial account to which such transfers were made.

WHEREAS, on April 7, 2025, Ilaria moved for reconsideration of the March Order based on a March 24, 2025, ruling by the Surrogate's Court, which found that the same Glenmede account statements were not relevant to claims pending before it in a different action brought by Veronica.

WHEREAS, on April 21, 2025, Judge Lehrburger issued an order (the "April Order") denying Ilaria's motion for reconsideration as (a) untimely and (b) lacking in merit. Specifically, the April Order held that the Surrogate's decision addressed different claims against a different party and did not negate the relevance of the account statements to Veronica's counterclaims in this litigation.

WHEREAS, on May 5, 2025, Ilaria and Counterclaim-Defendant Jan Boyer ("Boyer") filed objections to the April Order (the "Objections"), seeking to set aside the ruling and preclude production of the unredacted account statements under Rule 72(a).

WHEREAS, Veronica opposed the Objections on May 9, 2025, asserting that the Objections improperly sought review of the underlying March Order instead of the April Order denying reconsideration, and that the April Order was neither clearly erroneous nor contrary to law.  Veronica argued that the reconsideration motion was untimely under Local Rule 6.3 and that the Surrogate's findings were not binding or dispositive in this proceeding.

WHEREAS, Ilaria and Boyer filed a reply in support of the Objections on May 13, 2025, arguing that the motion for reconsideration was timely because it was based on newly available evidence -- the March 24, 2025 Order issued by the Surrogate's Court -- and that the Surrogate's in-camera review and finding of irrelevance should be dispositive or, at minimum, the Court should require similar in-camera review in this proceeding.

WHEREAS, for objections to a magistrate judge's ruling on non-dispositive matters, district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Lin v. Lynch*, 813 F.3d 122, 126 (2d Cir. 2016)[1]; *accord Newman v. Bayer Corp.*, No. 22 Civ. 7087, 2025 WL 856225, at *2 (S.D.N.Y. Mar. 19, 2025).  A ruling is contrary to law if it "fails to apply

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

or misapplies relevant statutes, case law, or rules of procedure." *Newman*, 2025 WL 856225, at *2. "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Jablonski v. Special Couns., Inc.*, No. 16 Civ. 5243, 2023 WL 2644212, at *1 (S.D.N.Y. Mar. 27, 2023). "Thus, the party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." *United States ex rel. Integra Med Analytics LLC v. Laufer*, No. 17 Civ. 9424, 2023 WL 4200865, at *1 (S.D.N.Y. June 27, 2023).

WHEREAS, Judge Lehrburger's denial of the reconsideration motion as untimely was neither clearly erroneous nor contrary to law. Local Civil Rule 6.3 requires parties to file motions for reconsideration within fourteen days of the challenged order. Courts in this District routinely deny reconsideration motions as untimely where the movant fails to comply with Rule 6.3. *See, e.g., McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion."); *accord In re Navidea Biopharmaceuticals Litig.*, No. 19 Civ. 1578, 2025 WL 1221014, at *3 (S.D.N.Y. Apr. 24, 2025). The March Order was entered on March 21, 2025. Ilaria did not file her motion for reconsideration until April 7, 2025 -- seventeen days later. The Surrogate's Court issued its decision on March 24, 2025; Ilaria had eleven days to file her reconsideration request in a timely manner, yet she failed to do so.

WHEREAS, Ilaria and Boyer justify this delay by arguing that the Surrogate's ruling constituted newly available evidence and that the Court should exercise its discretion to excuse noncompliance with the Local Rules. *Cf. Commerzbank AG v. U.S. Bank*, N.A., 100 F. 4th 362,

3

377 (2d Cir. 2024) (explaining the courts may exercise discretion to overlook a party's failure to comply with the local rules); *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000) (same). Specifically, Ilaria and Boyer allege that "the[ir] motion is based on developments that post-date the entry of the order to be reconsidered." But the case cited in support is inapposite. There, the clock for reconsideration had entirely passed before the new evidence emerged. *See Vicuna v. O.P. Schuman & Sons, Inc.,* 298 F. Supp. 3d 419, 434 (E.D.N.Y. 2017) (exercising discretion to permit reconsideration motion based on new evidence filed 1.5 years after initial order). Here, Ilaria and Boyer had eleven days within which to file a motion for reconsideration in a timely manner or seek an extension. They did neither. As excusing noncompliance is a matter of discretion, Judge Lehrburger's decision not to do so is neither clearly erroneous nor contrary to law.

WHEREAS, in their reply, Ilaria and Boyer noted that "there were also compelling physical health reasons" for the untimely filing of the Objections. Further briefing on these health issues is unnecessary as the April Order also denied the motion for reconsideration based on its merits.

WHEREAS, Judge Lehrburger's determination that, "even if [Ilaria and Boyer's] motion were timely, it would still fail for lack of merit" was also neither clearly erroneous nor contrary to law. "The standard for reconsideration under Local Civil Rule 6.3 is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words that might reasonably be expected to alter the conclusion reached by the court.'" *In re Palermo*, 2011 WL 446209, at *4 (S.D.N.Y. Feb. 7, 2011) (citing *Shrader v. CSX Transportation, Inc*., 70 F.3d 255, 257 (2d Cir. 1995)); *accord*

4

*Rouviere v. DePuy Orthopaedics Inc.*, 560 F. Supp. 3d 774, 789 (S.D.N.Y. 2021). The Objections identify no controlling authority or overlooked evidence that would warrant reconsideration under the applicable standard. The record supports Judge Lehrburger's finding that the unredacted transaction information is relevant to Veronica's counterclaims, which allege that Ilaria breached her fiduciary duty to the Ilaria Trust's beneficiaries by dissipating trust assets without required co-trustee approval. Ilaria previously produced heavily redacted versions of the Glenmede account statements, showing beginning and ending balances without any transactional details. The March Order limited production only to transactions above $10,000, which appropriately balances the privacy concerns and burden on Ilaria with discovery needs.

WHEREAS, the Objections' arguments about the relevance of the Glenmede statements rely primarily on the Surrogate Court's conclusion that those records were not material to Veronica's claims against co-trustee Jonathan Leo. But as Judge Lehrburger correctly noted, the counterclaims in this action are distinct. Leo is not a party to this action. Veronica alleges that Ilaria, aided by Boyer, breached fiduciary duties by making unauthorized distributions from the Ilaria Trust. That claim necessarily turns on what transactions occurred, for what purposes, and whether proper co-trustee approvals were obtained. By contrast, the Surrogate's Order addressed a limited removal petition involving a different party, and its factual determinations are neither binding on, nor preclusive of, relevance determinations in this proceeding. While the Surrogate's Court found the statements immaterial, that finding does not render clearly erroneous Judge Lehrburger's conclusion of relevance to the distinct counterclaims at issue here.

WHEREAS, Ilaria and Boyer's Objections reiterate arguments presented and rejected in the April Order denying the motion for reconsideration and fail to show that Judge Lehrburger's ruling misapplied the law or lacked support in the record.  It is hereby

**ORDERED** that the Objections to Judge Lehrburger's April 21, 2025, Order are **OVERRULED,** and the request for in-camera review is **DENIED**.

Dated: May 15, 2025
   New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**