UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
                                          :
ILARIA BULGARI,                           :
                                          :
                          Plaintiff,      :        22 Civ. 5072 (LGS)
                                          :
        -against-                         :
                                          :        OPINION & ORDER
VERONICA BULGARI,                         :
                                          :
                          Defendant.      :
-----------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Defendant and Counterclaim Plaintiff, Veronica Bulgari ("Veronica"), brings

counterclaims for breach of fiduciary duty and abuse of process against Plaintiff and

Counterclaim Defendant, Ilaria Bulgari ("Ilaria"). Veronica also asserts a third-party claim for

aiding and abetting breach of fiduciary duty against third-party Defendant Jan Boyer ("Boyer").

Like Veronica's pleading, this decision refers to the counterclaims and third-party claim

collectively as the "Amended Counterclaims." Ilaria and Boyer move to dismiss the Amended

Counterclaims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons

stated below, the motion is granted in part and denied in part.

## I.    BACKGROUND

Familiarity with the underlying facts and procedural history is assumed. *See Bulgari v.

Bulgari*, No. 22 Civ. 5072, 2024 WL 4345580 (S.D.N.Y. Sept. 30, 2024) (granting in part and

denying in part Veronica's motion for summary judgment).

### A.  The Trusts and Related Litigation

Ilaria's claims concern the administration of two irrevocable family trusts (the "Family

Trusts") created by Nicola Bulgari for the benefit of his wife, Anna, and their three daughters:

Plaintiff Ilaria, Defendant Veronica and non-party Natalia.  After Anna's death, Veronica served

as trustee of the Family Trusts.  In June 2022, Ilaria initiated this action against Veronica,

alleging mismanagement and breach of fiduciary duty as trustee of the Family Trusts.  Veronica

denies the allegations.

In December 2024, Veronica filed Amended Counterclaims against Ilaria as co-trustee of

a separate trust created for Ilaria (the "Ilaria Trust") and Boyer as a third-party defendant.  The

Amended Counterclaims assert the following:  the Ilaria Trust was created as part of the

disbursement of the proceeds of the Family Trusts following Anna's death.  Under the terms of

the Family Trusts, Veronica is a contingent remainder beneficiary of the Ilaria Trust.  Ilaria

breached her fiduciary duties as trustee of the Ilaria Trust by appointing a co-trustee without

authority, misusing trust funds and failing to provide required disclosures.  Ilaria's domestic

partner and purported financial advisor, Boyer, aided and abetted those breaches.  Ilaria engaged

in an abuse of process by pursuing litigation in bad faith and for improper purposes.  Ilaria

responded to these allegations with a motion to dismiss, and in support of the motion submitted

her declaration stating that she has designated the American Italian Cancer Foundation as the

remainder beneficiary of the Ilaria Trust; that Veronica is sixty years old and has two children;

that Natalia also has a child; and that Ilaria has pursued her legal rights in the United States and

Europe, and Veronica is not a party to or otherwise involved in the European litigation.

**B.  Surrogate's Court Proceedings**

On March 24, 2025, the New York County Surrogate's Court dismissed a related petition

by Veronica against Jonathan Leo ("Leo"), challenging, among other things, his appointment as

co-trustee of the Ilaria Trust and alleging the wrongful dissipation of trust assets.  The

Surrogate's Court held that the petition was barred by laches and, in the alternative, failed to

state a claim. *In re Bulgari*, File No. 2021-3336/F, at *8-10 (Surr. Ct. N.Y. Cnty. Mar. 24, 2025). In supplemental briefing in the instant action, Ilaria and Boyer contend that collateral estoppel precludes re-litigating these issues in the instant matter. Veronica opposes, arguing that the Surrogate's findings were not necessary to the judgment and that she lacked a full and fair opportunity to litigate. The Surrogate's decision is currently on appeal.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must allege facts that "state a claim to relief that is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[1] The Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the non-moving party. *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021). The Court does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The pleading must "provide the grounds upon which [the] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019).

"A case is properly dismissed for lack of subject matter jurisdiction [under Rule 12(b)(1)] when the district court lacks the statutory or constitutional power to adjudicate it." *AMTAX Holdings 227, LLC v. CohnReznick LLP*, 136 F.4th 32, 37 (2d Cir. 2025) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). The Court must evaluate subject matter

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

jurisdiction on a claim-by-claim basis. *Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC*, 358 F. Supp. 3d 279, 282 (S.D.N.Y. 2019) (citing *United Republic Ins. Co., in Receivership v. Chase Manhattan Bank*, 315 F.3d 168, 170-71 (2d Cir. 2003)); *accord Price v. Hale Glob.*, No. 24 Civ. 2826, 2024 WL 4555942, at *1 (S.D.N.Y. Oct. 23, 2024). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Id.* "In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*; *accord AMTAX Holdings*, 136 F.4th at 37.

New York law governs state law issues in this dispute because the parties assume that it does. *See Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017) (where the parties' briefs assume that a particular state law controls, "such implied consent is . . . sufficient to establish the applicable choice of law"); *accord Bulgari v. Bulgari*, 2024 WL 4345580, at *3 n.2, *5 (New York law).

## III.    DISCUSSION

Ilaria and Boyer argue that (a) the Court lacks subject matter jurisdiction over the fiduciary duty claims, (b) the Amended Counterclaims are procedurally improper and (c) the Amended Counterclaims fail to state a claim. In supplemental briefing, they also argue that Veronica is collaterally estopped from challenging in this lawsuit the Surrogate's findings. As

explained below, the abuse of process claim is dismissed, but the breach of fiduciary duty claims survive.

### A. Subject Matter Jurisdiction

Veronica has standing to assert the fiduciary duty claims because she alleges a concrete injury to a legally protected interest. Federal law governs the requirements for Article III standing, but New York law determines the nature and extent of the asserted interest. *See Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 385 (2d Cir. 2021) (explaining that state law "can supply the answers to certain antecedent questions relevant to whether [the parameters of Article III standing] . . . are satisfied," and discussing *Scanlan v. Eisenberg*, 669 F.3d 838 (7th Cir. 2012) as one such example).

To establish standing under Article III, a plaintiff must show that she suffered an injury in fact that is "concrete, particularized, and actual or imminent." *Murthy v. Missouri*, 603 U.S. 43, 44 (2024). Standing must be shown for each asserted claim. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). The Supreme Court has explained that "history and tradition offer a meaningful guide to the types of cases that Article III empowers federal courts to consider," and that where parties have "long been permitted to bring" the type of suit at issue, it is "well nigh conclusive" that Article III standing exists. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 274-75, 285 (2008).

Consistent with these principles, state law informs Article III standing analysis by identifying whether a legally protected interest exists. Under federal law, a trust beneficiary's equitable interest -- though discretionary or contingent -- can constitute a cognizable injury under Article III:

> That [a plaintiff] must suffer an invasion of a legally protected interest is a principle of federal law. But the nature and extent of [their] interest . . . , and

5

> therefore, whether that interest can form the basis of a federal suit, depend on the
> law that defines the rights of a discretionary beneficiary. . . . So we look to see
> whether according to [state] law a discretionary trust beneficiary has the kind of
> stake that Article III requires.

*Scanlan*, 669 F.3d at 842 (Illinois law). Although the Second Circuit has not addressed the issue,

the Seventh Circuit recognized in an analogous case that a discretionary beneficiary's interest

may confer standing. In *Scanlan*, the court reversed dismissal of a discretionary beneficiary's

claims for lack of standing, explaining:

> We see no reason why canonical principles of trust law should not be employed
> when determining the nature and extent of a discretionary beneficiary's interest
> for purposes of an Article III standing analysis.
> . . . .
> The mere fact that a beneficiary may ultimately never receive trust assets does not
> prevent that beneficiary from bringing a claim. For example, a contingent
> beneficiary can bring an action against the trustee -- even though his interest is
> remote and contingent -- to protect his possible eventual interest, i.e., to protect
> and preserve the trust res.

*Id.* at 843-44. As the court reasoned,

> [i]t is true that a standing inquiry does not necessarily end with the determination
> of a state right to sue[,] [b]ut . . . "history and tradition offer a meaningful
> guide" . . . [and] [a]fter carefully reviewing beneficiaries' rights, we determined
> that beneficiaries -- including discretionary beneficiaries -- have "long been
> permitted to bring" suits to redress a trustee's breach of trust.

*Id.* at 845 (quoting *Sprint Commc'ns Co.*, 554 U.S. at 274-75, 285). This reasoning is persuasive

and reflects the principle that the inquiry in determining Article III standing turns not on the

likelihood that the interest will vest, but on whether the plaintiff alleges a legally cognizable

injury under state law.

Other federal courts have reached similar conclusions. *See Rondina v. Feigenbaum*, No.

19 Civ. 1699, 2021 WL 243082, at *5 (D. Conn. Jan. 25, 2021) (Connecticut law) (finding

standing based on a state-law-created contingent interest and citing *Scanlan*); *Hill v. Hunt*, No.

07 Civ. 2020, 2009 WL 5178021, at *2 (N.D. Tex. Dec. 30, 2009) ("[B]ecause Plaintiff has an

interest in the trusts according to Texas law, he has standing under Article III of the United States Constitution."). By contrast, where state law does not recognize a legally protected interest, plaintiffs lack Article III standing. *See Adams v. Regions Bank*, No. 14 Civ. 615, 2016 WL 71429, at *4 (S.D. Miss. Jan. 6, 2016) (dismissing for lack of standing where contingent beneficiaries had not adequately pleaded a cognizable injury under Mississippi law).

New York law recognizes and protects Veronica's contingent remainder interest in the Ilaria Trust. "[U]nder New York law . . . once a trust becomes irrevocable, the contingent beneficiaries . . . acquire a cognizable interest in both the income and corpus of the trust and thus have standing to hold their trustees accountable for their actions." *Marcus v. Quattrocchi*, No. 08 Civ. 9514, 2014 WL 521340, at *6 (S.D.N.Y. Feb. 4, 2014) (New York law); *see also Matter of Morse*, 177 Misc. 2d 43, 46 (Surr. Ct. N.Y. Cnty. 1998) (holding that contingent beneficiaries had standing where their interests in trust property were implicated). The Restatement echoes this principle: "A suit to enforce a private trust ordinarily . . . may be maintained by any beneficiary whose rights are or may be adversely affected . . . [and] include any person who holds a beneficial interest, present or future, vested or contingent." Restatement (Third) of Trusts § 94 cmt. b (Am. L. Inst. 2012); *see Rondina*, 2021 WL 243082, at *4 n.4.

New York courts have repeatedly held that contingent interests are legally protected -- even when subject to multiple conditions. *See Matter of Svenningsen*, 105 A.D.3d 164, 176-77 (2d Dep't 2013) ("Even when a beneficial interest in a trust is subject to a condition precedent, that uncertainty is not enough to deny standing [under New York law] to the party who seeks to protect the trust property to which such interest relates."); *Matter of Scripps*, 149 N.Y.S.3d 891, File No. 76397/C, 2021 WL 3409372, at *4 (Surr. Ct. Albany Cnty. July 22, 2021) (holding that a contingent remainderman had standing [under New York law] to challenge trustee conduct);

*Gerschel v. Bank of Am., N.A.*, No. 20 Civ. 5217, 2021 WL 1614344, at *3 (S.D.N.Y. Apr. 26, 2021) (New York law) (granting motions to intervene by contingent remainder beneficiaries with an "interest in proceedings to replace a trustee").

Here, the Amended Counterclaims allege that Veronica is a contingent remainder beneficiary of the Ilaria Trust and that Ilaria's conduct as trustee -- including unauthorized appointments, misuse of funds and lack of transparency -- diminished the Ilaria Trust's corpus. These allegations, accepted as true at this stage, adequately plead a concrete injury to a legally protected interest under New York trust law. Accordingly, Veronica has standing under Article III to pursue her fiduciary duty claims.

Ilaria and Boyer argue that Veronica's interest is too attenuated to confer standing, but their cases are distinguishable. In *United States v. All Assets Held in Account Number XXXXXXXX in Name of Doraville Properties Corp.*, the court found that claimants lacked standing where their interests were "unvested, contingent" and entirely discretionary under Singaporean law. 299 F. Supp. 3d 121, 135-37 (D.D.C. 2018). In contrast, Veronica's interest is not discretionary and is legally cognizable under New York law. In *Bank of America, N.A. v. Cartwright*, standing was denied where the claim was based on a hypothetical chain of events not grounded in a present trust interest. 560 F. Supp. 3d 1210, 1221 (N.D. Ind. 2021). Veronica alleges present harm to a specific trust in which she holds a recognized interest. Because Veronica alleges a concrete injury to an interest protected by New York trust law, she has standing to pursue her fiduciary duty claims in this Court.

### B.  Procedural Challenges

The motion to dismiss the Amended Counterclaims on procedural grounds is denied.  The issues raised -- (1) capacity and relatedness and (2) the timeliness of joinder -- do not bar the fiduciary duty claims.

#### 1.  Capacity and Relatedness

Ilaria and Boyer argue that Veronica is not a proper counterclaim plaintiff because, having been sued in her capacity as trustee of the Family Trusts, she may not counterclaim in her individual capacity as a remainder beneficiary of the Ilaria Trust.  This argument is unavailing.  Veronica's counterclaims are permissive under Federal Rule of Civil Procedure 13(b), and there is no categorical bar to asserting such claims in a different capacity than that in which a party was sued.

Lack of capacity is a procedural defect, not a jurisdictional one, and dismissal on this ground is discretionary.  *See Banco Nacional de Cuba v. Chase Manhattan Bank*, 658 F.2d 875, 886 (2d Cir. 1981); *accord Faunus Grp. Int'l, Inc. v. Ramsoondar*, No. 13 Civ. 6927, 2015 WL 4557132, at *5 (S.D.N.Y. July 22, 2015).  Rule 13(b) allows counterclaims that do not rise out of the same "transaction or occurrence . . . [as] the opposing party's claim."  Fed. R. Civ. P. 13.  In 1981, the Second Circuit stated that "[t]he generally prevailing, although not uniform, view . . . that the 'opposing party' requirement means that when a plaintiff has brought suit in one capacity, the defendant may not counterclaim against him in another capacity."  *Banco Nacional*, 658 F.2d at 885.  But courts have applied this analysis to permit counterclaims where, as here, the counterclaiming party's interests are closely aligned with their role in the main action and the same individuals are the real parties in interest on both sides of the caption.  *See Blanchard v. Katz*, 117 F.R.D. 527, 529 (S.D.N.Y. 1987) (citing *Banco Nacional*, 658 F.2d at 885-86

(recognizing that the "principal goal of the Rule . . . is to permit the resolution of all controversies between the parties in a single suit" and courts should "look[] beyond the capacities of the parties" to identify the "real parties in interest")); *accord Purcell v. Scient Fed. Credit Union*, No. 22 Civ. 961, 2023 WL 3259985, at *3 (D. Conn. May 4, 2023); *see also Favors v. Cuomo*, No. 11 Civ. 5632, 2013 WL 5818773, at *5 (E.D.N.Y. Oct. 29, 2013) (Raggi & Lynch, Cir. JJ.; Irizarry, Dist. J.) (recognizing two exceptions "to the general rule that a defendant may only counterclaim in the capacity in which he is sued" including if "principles of equity and judicial economy support such a counterclaim").

Veronica's counterclaims satisfy these principles. Both the main claims and counterclaims are part of an internecine dispute about family assets, formerly held in the Family Trusts. These assets are now held in separate trusts for each sister -- one of which is the Ilaria Trust. Veronica brings the counterclaims in her personal capacity as an alleged remainder beneficiary of the Ilaria Trust, and against Ilaria as co-trustee of that trust. Those roles are reversed in the main claims which concern the Family Trusts. There, Ilaria brings the main claims in her personal capacity as a beneficiary of the Family Trusts against Veronica as a trustee of those trusts. Both sisters remain the "real parties in interest" seeking to secure their respective interests in Family Trust assets. *See Banco Nacional*, 658 F.2d at 886.

Because the claims and counterclaims share the same background facts and arise out of the same legal principles of fiduciary duty, allowing all claims to proceed in a single action promotes equity and judicial economy. *See Blanchard*, 117 F.R.D. at 529 (allowing counterclaim in different capacity where "principles of equity and judicial economy support such a counterclaim") (citing *Banco Nacional*, 658 F.2d at 886). "Since a single litigation will facilitate the equitable resolution of all related claims and would conserve scarce judicial

resources," dismissal based on capacity or relatedness is not warranted.  *See Gillis v. Wilhelm*,

No. 09 Civ. 1116, 2010 WL 1375167, at *4 (S.D.N.Y. Mar. 29, 2010) (declining to dismiss

based on capacity where the parties were essentially the same).

To the extent Ilaria argues that the counterclaims are not sufficiently related to the main

action, that argument also fails.  Rule 13(b) expressly allows unrelated counterclaims.  Courts

may decline to entertain permissive counterclaims where they would unduly complicate or delay

the litigation.  *See Ramsoondar*, 2015 WL 4557132, at *5 (declining to entertain permissive

counterclaims where they "threaten[ed] to bog down the[] proceedings in a procedural

morass . . . of a Canadian bankruptcy court's order and the Federal Rules of Civil Procedure").

That is not the case here.  Both the main claims and counterclaims arise from a coordinated trust

structure, concern fiduciary conduct by and against the same individuals and relate to the same

general time period.  Adjudicating all claims together will conserve resources and promote

judicial efficiency, outweighing any prejudice caused by the delay in resolving Ilaria's claims.

### 2.  Joinder and Timeliness

The motion to dismiss for untimely joinder is also unpersuasive.  The initial scheduling

order in this case was entered in August 2022 and set an October 2022 deadline for joining new

parties without leave of court.  Veronica did not "miss" the deadline; rather, she did not avail

herself of the opportunity to add parties without court leave.  Instead, in June 2023, Veronica

sought and obtained leave to file her Answer and Counterclaims, joining Boyer as a party.  The

joinder of Boyer was not untimely.

District courts retain discretion over whether to permit joinder.  *See Barr Rubber Prods.*

*Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970) ("Rule 20 . . . prescribes

permissive, not necessary, joinder and specifically vests in the district court the discretionary

11

power to make such orders as may be required to prevent delay or prejudice."); *accord Paulette v. Masciopinto*, No. 22 Civ. 2913, 2024 WL 5273277, at *2 (E.D.N.Y. Nov. 12, 2024), *report and recommendation adopted*, No. 22 Civ. 2913, 2025 WL 20086 (E.D.N.Y. Jan. 2, 2025). Federal Rule of Civil Procedure 20(a)(2) authorizes permissive joinder of defendants where -- as here -- (a) a party's right to relief arises out of the same transaction or occurrence and (b) the action involves common questions of law and fact applicable to all defendants. *See Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978) (looking to whether the claims "are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit"); *accord Wang v. Quiros*, No. 24 Civ. 989, 2025 WL 1148573, at *9 (D. Conn. Apr. 18, 2025). The rule imposes no timing mandate, and its requirements "are to be interpreted liberally to enable the court to promote judicial economy." *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (explaining that "joinder of claims, parties and remedies is strongly encouraged," and "the impulse [should be] toward entertaining the broadest possible scope of action consistent with fairness to the parties"). "Permissive joinder rests with the sound discretion of the Court, which must determine if joinder will comport with the principles of fundamental fairness." *Shaw v. Munford*, 526 F. Supp. 1209, 1213 (S.D.N.Y. 1981); *Olshan Frome Wolosky LLP v. Comm. to Restore Nymox S'holder Value Inc.*, No. 24 Civ. 2134, 2025 WL 880545, at *7 (S.D.N.Y. Mar. 21, 2025).

Joinder of Boyer promotes judicial economy, as discussed *supra*, and comports with principles of fundamental fairness. *See, e.g.*, *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 828 (S.D.N.Y. 2008) (holding that joinder facilitated judicial economy in case involving identical discovery and overlap of proof used at trial); *Han v. InterExchange, Inc.*,

No. 23 Civ. 07786, 2024 WL 3990770, at *10 (S.D.N.Y. Aug. 28, 2024) (same). Boyer was

added as a party in June 2023 when Veronica asserted third-party claims against him. His

addition was not prejudicial then, nor is it now because Boyer has participated actively in this

litigation, in tandem with Ilaria as Plaintiff, since the beginning.

      Boyer's involvement in this litigation shows as much. This action was filed in June

2022. In November 2022, Veronica filed a motion challenging Ilaria's claim of privilege over

communications between her lawyers and Boyer. Boyer and Ilaria submitted declarations in

opposition to that motion, explaining his role in communicating with her various lawyers,

including counsel in this litigation, stating that his "presence and financial knowledge were

essential to Ilaria's receipt of legal advice from all of her attorneys." Based on those

representations, Ilaria succeeded in her claim that she and Boyer, together, should be considered

the "client[s]" for the purpose of the attorney-client privilege. Following that ruling, Ilaria

produced documents for both herself and Boyer. In February 2023, Ilaria was ordered to

produce "any remaining documents for production from Jan Boyer . . . ." By May 2023, both

Boyer and Ilaria had been deposed. When Boyer was formally named as a party in Veronica's

Answer and Counterclaims in June 2023, he was already fully involved in the case. Since then,

Boyer appears to have continued participating in this litigation both in support of Ilaria and on

his own behalf. Given this history, there is no unfair surprise, prejudice or undue delay, and no

procedural defect that warrants dismissal of the Amended Counterclaims. *See, e.g.*, *Han*, 2024

WL 3990770, at *10 (explaining lack of identified prejudice weighed in favor of joinder).

      **C. Failure to State a Claim**

      Ilaria and Boyer move to dismiss each of the three Amended Counterclaims under Rule

12(b)(6): (1) breach of fiduciary duty, (2) aiding and abetting breach of fiduciary duty and (3)

abuse of process.  The motion to dismiss for failure to state a claim is denied as to the fiduciary

duty claims and granted as to the abuse of process claim, as explained below.

### 1. Breach of Fiduciary Duty

The Amended Counterclaims state a claim for breach of fiduciary duty.  Under New

York law, the pleading must allege (i) the existence of a fiduciary duty, (ii) misconduct by the

defendant and (iii) resulting damages.  *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 241 (2d

Cir. 2020) (New York law).  Trustees owe fiduciary duties to beneficiaries, including

remaindermen.  *Quattrocchi*, 2014 WL 521340, at *6; *Bankers Tr. Co. v. United States*, 308 F.

Supp. 545, 547-48 (S.D.N.Y. 1970) (New York law) ("If trustees were to use their power . . . in a

manner that would deplete or consume the trust corpus, they would certainly be violating their

equitably imposed fiduciary duty to act in the best interests of . . . the remaindermen."); *see also*

*Scripps*, 2021 WL 3409372, at *4 (discussed *supra*).

Construed in the light most favorable to Veronica, the Amended Counterclaims

sufficiently plead all three elements.  Veronica alleges that Ilaria, as trustee of the Ilaria Trust,

owed her a fiduciary duty as a presumptive remainder beneficiary.  The Amended Counterclaims

assert that Ilaria breached that duty by appointing Leo as co-trustee without authority, using trust

assets for personal expenses and unauthorized purposes, including allegedly vexatious litigation

and failing to provide required disclosures.  These acts allegedly impaired Veronica's remainder

interest by "dissipat[ing] substantial portions of the Ilaria Trust."  Although Ilaria and Boyer

dispute whether Veronica is, in fact, a remainder beneficiary and the impropriety of Ilaria's

spending, these factual disputes do not undermine the sufficiency of the pleading.  *See Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  The motion to dismiss the fiduciary duty claim

is denied.

### 2. Aiding and Abetting Breach of Fiduciary Duty

The Amended Counterclaims also state a claim against Boyer for aiding and abetting Ilaria's breach. To plead such a claim under New York law, a plaintiff must allege (i) a breach of fiduciary duty by another, (ii) the defendant's knowing participation in the breach and (iii) resulting damages. *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 345 (2d Cir. 2018). A defendant knowingly participates where a defendant provides "substantial assistance" to the primary violator -- such as "affirmatively assist[ing], help[ing] conceal or fail[ing] to act when required to do so, thereby enabling the breach to occur." *In re Sharp Int'l Corp.*, 403 F.3d 43, 50 (2d Cir. 2005) (New York law). At the motion to dismiss stage, Veronica need only plead facts that "give rise to a strong inference" of actual knowledge. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290, 294 (2d Cir. 2006); *accord Jacobs v. Barclays Bank PLC*, No. 24 Civ. 909, 2025 WL 41644, at *2 (S.D.N.Y. Jan. 7, 2025).

The Amended Counterclaims plead each of these elements. It alleges that Boyer had access to trust records, was copied on trust-related correspondence, induced the improper appointment of the co-trustee, participated in meetings about the Ilaria Trust with Ilaria and her counsel, affirmatively assisted in transactions that diminished the Ilaria Trust's assets and helped Ilaria conceal her conduct -- all the while knowing such conduct breached Ilaria's fiduciary obligations to the Ilaria Trust's beneficiaries. The Amended Counterclaims allege that the couple turned their apartment into a "makeshift war room" in furtherance of their scheme. Taken as true, these allegations are sufficient, at this stage, to support a reasonable inference that Boyer knowingly participated in the alleged breach and that his conduct contributed to the resulting harm. *See Am. E Grp. LLC v. Livewire Ergogenics Inc.*, No. 18 Civ. 3969, 2020 WL 209903, at *6 (S.D.N.Y. Jan. 14, 2020) (finding actual knowledge sufficiently pleaded based on marital

relationship and shared office, among other factors). The motion to dismiss the aiding and abetting claim is denied.

### 3. Abuse of Process

The Amended Counterclaims fail to state a claim for abuse of process under New York law. To do so, a party must allege that the defendant "(1) [used] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Hernandez v. United States*, 939 F.3d 191, 204 (2d Cir. 2019) (New York law); *Curiano v. Suozzi*, 469 N.E.2d 1324, 1326-27 (N.Y. 1984). The mere initiation of a civil action -- even if allegedly meritless -- is not enough. *Id.*; *HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 107 (S.D.N.Y. 2020) (New York law). The misuse must involve court-issued process -- such as a subpoena or attachment -- that requires "the person to whom it is directed . . . perform or refrain from . . . some described act." *Williams v. Williams*, 246 N.E.2d 333, 335 (N.Y. 1969); *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (New York law) ("[L]egal process means that a court issued the process, and the plaintiff will be penalized if he violates it."); *accord Stevens & Co. v. Espat*, No. 24 Civ. 5223, 2025 WL 950989, at *11 (S.D.N.Y. Mar. 28, 2025) (same). "It follows that there must be an unlawful interference with one's person or property" for an abuse of process claim to survive. *Id.*; *Curiano*, 469 N.E.2d at 1326.

The Amended Counterclaims fail to plead the first element, which requires unlawful interference with Veronica's person or property. The alleged misconduct consists of Ilaria's use of "expansive discovery," including serving over twenty-five subpoenas and deposition notices on third-party individuals and entities, many of whom purportedly had no connection to the Family Trusts. This process was not directed at Veronica personally, and she does not allege any

16

resulting restraint on her person or property.  That omission is fatal.  *See Williams*, 246 N.E.2d at 335; *Curiano*, 469 N.E.2d at 1326-27; *Manhattan Enter. Grp. LLC v. Higgins*, 816 F. App'x 512, 514-15 (2d Cir. 2020) (summary order) (finding no abuse of process under New York law where the "core . . . grievance [was] that [d]efendants filed and prosecuted a series of duplicative, frivolous, and malicious lawsuits aimed at harassing [p]laintiffs and draining their resources," and not an "encumb[rance] of [p]laintiffs' persons or property").  Veronica also cites no authority supporting an abuse of process theory based on discovery directed at third parties.

The abuse of process claim also fails on the second element: intent to do harm.  Veronica alleges that she incurred substantial legal expenses defending against allegedly abusive discovery, but those costs are not actionable.  *See Stroock & Stroock & Lavan v. Beltramini*, 157 A.D.2d 590, 591 (1st Dep't 1990) (holding that legal fees incurred defending a lawsuit, without more, cannot sustain an abuse of process claim); *Delaney*, 510 F. Supp. 3d at 107 (rejecting abuse of process claim based on litigation costs).  Nor is it sufficient to allege that Ilaria sought a tactical advantage in this or another proceeding.  *Tenore v. Kantrowitz, Goldhamer & Graifman, P.C.*, 76 A.D.3d 556, 557 (2d Dep't 2010) ("obtaining a tactical advantage" in a separate action insufficient for relief); *accord Stevens*, 2025 WL 950989, at *12 ("intent of obtaining an advantage . . . with respect to [another] lawsuit" insufficient for relief); *Delaney*, 510 F. Supp. 3d at 107 ("Skillful lawyers not infrequently take advantage of whatever forums are available to them to prevail either in the prosecution of a lawsuit or in the defense of another lawsuit. Such conduct is part of the litigation process; it is not tortious.").  Because the Amended Counterclaims fail to plead both an actionable use of legal process and the requisite intent to harm, the abuse of process claim is dismissed.

### D. Collateral Estoppel

To the extent Ilaria and Boyer move to dismiss the surviving counterclaims based on the collateral estoppel effect of the Surrogate's decision, the motion is denied. Federal courts apply the collateral estoppel rules of the court that rendered the prior judgment. *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002). "To determine whether collateral estoppel applies to the Surrogate's Court's judgment, we look to New York law." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007). "Under New York law, collateral estoppel precludes a party from relitigating . . . an issue clearly raised in a prior . . . proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same." *LaFleur*, 300 F.3d at 271; *accord Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*, No. 20-3718, 2022 WL 1715977, at *2 (2d Cir. May 27, 2022) (summary order). Collateral estoppel, or issue preclusion, applies when (1) the identical issue was necessarily decided in the prior proceeding and is decisive in the current action and (2) the party to be precluded had a full and fair opportunity to litigate the issue. *Hyman*, 502 F.3d at 65 (New York law); *Williams v. Vista on 5th*, No. 23 Civ. 10477, 2024 WL 3728074, at *2 (S.D.N.Y. Aug. 8, 2024). "[C]ollateral estoppel is an equitable doctrine -- not a matter of absolute right," the invocation of which "is influenced by considerations of fairness in the individual case." *PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.3d 488, 493 (2d Cir. 2004) (New York law).

Ilaria and Boyer argue that the New York County Surrogate's Court findings on two issues are conclusive and bar re-litigation here on the counterclaims -- specifically, the propriety of Leo's appointment as co-trustee of the Ilaria Trust and the allegation that the assets of the Ilaria Trust were wrongly dissipated. The argument fails because neither element of collateral estoppel is satisfied.

18

First, the Surrogate's decision did not decide the identical issues as those presented here. This is partly because the Surrogate's Court case was against Leo, who is not a party to this action.  In the Surrogate's case, Veronica sought to remove Leo as co-trustee in part because Veronica and Natalia were not timely advised of his appointment pursuant to the Family Trust Agreements.  The counterclaim here is against Ilaria, alleging that she failed to follow the terms in the Family Trust Agreements for appointment of a co-trustee of the Ilaria Trust.  The Surrogate's decision was also made against the legal background that "an application to remove a fiduciary is sparingly granted."  *In re Bulgari*, File No. 2021-3336/F, at *9.  The Surrogate found that, as a practical matter, Veronica was aware of Leo's appointment and did not object at the time.  This is a different question from whether Ilaria followed the necessary procedures for obtaining Veronica and Natalia's approval of his appointment.

Similarly on the alleged dissipation of Ilaria Trust assets, the Amended Counterclaims again assert a claim against Ilaria, contending that as co-trustee she dissipated trust assets.  The claim in Surrogate's Court was against Leo as co-trustee of the Ilaria Trust, and the decision does not appear to be a finding on the merits.  Instead, the Surrogate dismissed the breach of fiduciary duty claim because the "allegations about Leo's exercise of his duties are made merely upon information and belief and are otherwise wholly conclusory."

Second, and relatedly, the Surrogate's Court dismissed the petition at the pleading stage without discovery.  Courts applying New York law consider several factors in evaluating whether a party had a "full and fair opportunity to litigate," including the nature of the prior proceeding, the availability of discovery, the opportunity to be heard and the foreseeability of future litigation.  *King v. Fox*, 418 F.3d 121, 130 (2d Cir. 2005) (quoting *Gilberg v. Barbieri*, 423 N.E.2d 807, 809 (N.Y. 1981)).  Veronica did not have the opportunity to obtain or present

19

evidence in Surrogate's Court because the petition was dismissed on the pleadings. Also, the

Surrogate's decision is on appeal, meaning that the findings are not final. Under these

circumstances, the Surrogate's findings regarding Leo's appointment and the dissipation of Ilaria

Trust assets are not conclusive as applied to the Amended Counterclaims. *See Khandhar v.*

*Elfenbein*, 943 F.2d 244, 249 (2d Cir. 1991) (finding estoppel improper where plaintiff lacked

opportunity to develop the record in the prior action).

## IV.    CONCLUSION

For the reasons stated above, Ilaria and Boyer's motion to dismiss the Amended

Counterclaims is **DENIED** as to the fiduciary duty claims and **GRANTED** as to the abuse of

process claim. The abuse of process claim is dismissed.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 470.

Dated: June 2, 2025
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

20