UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    ILARIA BULGARI,
                            Plaintiff,

                            22 Civ. 5072 (LGS)
           -against-

    VERONICA BULGARI,                    **ORDER**
                          Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Plaintiff and Counterclaim-Defendant Ilaria Bulgari ("Ilaria") requests a trial date for her affirmative claims, which is construed as a motion for a separate trial pursuant to Federal Rule of Civil Procedure 42(b). Defendant and Counterclaim-Plaintiff Veronica Bulgari ("Veronica") opposes. Veronica moves to strike Ilaria's jury demand, and Ilaria opposes. Both motions are denied for the reasons described below.

A. **Motion for Separate Trials**

       WHEREAS, Ilaria argues that her affirmative claims are trial ready, that the counterclaims are legally and factually distinct and that any further delay would prejudice her given the length of the litigation and the financial burden of continued proceedings. Discovery on Ilaria's claims is complete; fact discovery on the counterclaims will close on June 6, 2025, with summary judgment motions anticipated thereafter.

       WHEREAS, under Rule 42(b), courts may order separate trials to promote convenience, avoid prejudice or expedite and economize litigation. Fed. R. Civ. P. 42(b). "Bifurcation may therefore be appropriate where the evidence offered on two different issues will be wholly distinct . . . or where litigation of one issue may obviate the need to try another issue." *Vichare v.*

*Ambac Inc.*, 106 F.3d 457, 466 (2d Cir. 1996).[1] "Although a trial court has broad discretion to grant separate trials under appropriate circumstances, for reasons of efficient judicial administration courts favor having only one trial whenever possible." *Small v. City of New York*, No. 09 Civ. 1912, 2022 WL 1261739, at *12 (S.D.N.Y. Apr. 28, 2022). "Because a single trial tends to lessen the delay, expense and inconvenience to all concerned bifurcation is to be employed only in exceptional circumstances." *Reed v. Nike, Inc.*, No. 17 Civ. 7575, 2019 WL 11318055, at *1 (S.D.N.Y. Aug. 30, 2019); *accord E. Profit Corp. v. Strategic Vision US LLC*, No. 18 Civ. 2185, 2020 WL 6048158, at *2 (S.D.N.Y. Oct. 13, 2020).

WHEREAS, courts in this district consider various factors in determining whether bifurcation is appropriate. These factors include "1) whether significant resources would be saved by bifurcation, 2) whether bifurcation will increase juror comprehension or prevent jury bias, and 3) whether bifurcation will lead to repeat presentations of the same evidence and witnesses," *C.D.S., Inc. v. Zetler*, No. 16 Civ. 3199, 2017 WL 4712202, at *3 (S.D.N.Y. Sept. 28, 2017), and "whether bifurcation is needed to avoid or minimize prejudice, whether it will produce economies in the trial of the matter, and whether bifurcation will lessen or eliminate the likelihood of juror confusion," *Mensler v. Wal-Mart Transp., LLC*, No. 13 Civ. 6901, 2015 WL 7573236, at *2 (S.D.N.Y. Nov. 24, 2015). Ultimately, the "decision is dependent on the unique facts and circumstances of the case and there is no bright-line test." *Lewis v. Am. Sugar Refin., Inc.*, 325 F. Supp. 3d 321, 337 (S.D.N.Y. 2018). "The party seeking bifurcation bears the burden of establishing that bifurcation is warranted." *Rutherford v. City of Mount Vernon*, No. 18 Civ. 10706, 2023 WL 8676815, at *2 (S.D.N.Y. Dec. 15, 2023).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

WHEREAS, Ilaria has not shown that bifurcation would conserve resources or produce economies at trial.  To the contrary, the parties' surviving claims and counterclaims arise from the same background facts involving the administration and distribution of the family's assets, the same coordinated estate structure and many of the same witnesses.  Ilaria previously acknowledged in her opposition to Veronica's motion to strike the jury demand that "Veronica's counterclaims . . . are inextricably intertwined with the merits of Ilaria's affirmative claims."  ECF No. 450 at 15.  Also, the legal issues are the same as both the claims and counterclaims allege breach of fiduciary duty in the administration of a family trust.  This legal and factual overlap counsels against bifurcation, which would result in the presentation of duplicative evidence in two separate trials.  *See Vichare*, 106 F.3d at 466-67 (affirming the denial of a motion to bifurcate trial where the issues were "intertwined" and "[s]everal of the same witnesses would have to be called"); *accord Rutherford*, 2023 WL 8676815, at *2 (denying bifurcation where overlapping factual issues and witnesses made a second trial inefficient and duplicative).

WHEREAS, Ilaria also fails to show prejudice sufficient to warrant bifurcation.  First, Ilaria references the increased costs associated with delayed litigation.  While delays in litigation may increase costs, so too would ordering separate but overlapping trials.  Second, Ilaria argues that considerations of fairness compel resolution of her claims rather than forcing her to "wait[] for justice."  Any minimal prejudice caused by delayed resolution of her claims does not outweigh the interests of judicial economy and efficiency by avoiding duplicative proceedings.

B. **Motion to Strike Jury Demand**

WHEREAS, the decision on whether to strike Ilaria's jury demand is deferred until it is clear what claims will be adjudicated at trial. The nature of the remaining claims and parties dictates whether a jury trial is available. The Seventh Amendment preserves the right to a jury trial in civil actions at law for claims seeking legal remedies. U.S. Const. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

WHEREAS, Veronica moves to strike Ilaria's jury demand, arguing that (1) Ilaria, as a non-citizen, lacks sufficient voluntary connections to the United States to claim Seventh Amendment protections and (2) Ilaria's claims sound in equity, not law, because fiduciary duty claims historically arose in equity courts. Ilaria opposes, arguing that she has substantial voluntary connections to the United States through her prior residence, property ownership and ongoing financial and legal interests, and that her claims seek a legal remedy (e.g., compensatory and punitive damages).

WHEREAS, Third-Party Defendant Jan Boyer ("Boyer"), who has not yet answered, has stated that he would request a jury trial on the claims asserted against him. *See* Dkt. Nos. 439 at 3 n.2, 450 at 16. As Boyer is a U.S. citizen, a substantial question exists as to whether the third-party claim against him independently triggers the constitutional right to a jury trial. This question is better resolved following adjudication of any motions for summary judgment on Veronica's claims against Ilaria and Boyer, at which point it will be clear which parties and claims will be involved in the trial. *See Taupita Inv., Ltd. v. Benny Ping Wing Leung*, No. 14 Civ. 9739, 2017 WL 3600422, at *13 (S.D.N.Y. Aug. 17, 2017) (denying motion to strike jury demand without prejudice to renewal following summary judgment). It is hereby

**ORDERED** that Ilaria's motion for a separate trial is **DENIED**.  It is further

**ORDERED** that Veronica's motion to strike Ilaria's jury demand is **DENIED** without prejudice to renewal following resolution of any motions for summary judgment on Veronica's claims.

Dated: June 3, 2025
   New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**