UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ILARIA BULGARI, Plaintiff, -against- VERONICA BULGARI, Defendant. | : | 22 Civ. 5072 (LGS) **ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Veronica Bulgari ("Veronica") moves under Local Civil Rule 6.3 for reconsideration of the July 7, 2026, Opinion & Order (the "Order") dismissing her counterclaims as moot on the basis that she no longer possesses a legally cognizable interest in Plaintiff Ilaria Bulgari's ("Ilaria") successor trust (the "Ilaria Trust") sufficient to support Article III standing. *See Bulgari v. Bulgari*, No. 22 Civ. 5072, 2026 WL 1961835, at *1 (S.D.N.Y. July 7, 2026). The Order concluded that any remaining contingent interest Veronica may have had in the Ilaria Trust was extinguished by Ilaria's May 6, 2026, appointment of all of the trust's current and future principal and income to the American-Italian Cancer Foundation ("AICF"). *Id.* at *2-4.

WHEREAS, familiarity with the underlying facts and procedural history is assumed.

WHEREAS, "[t]he legal standards governing motions for reconsideration under Local Civil Rule 6.3 and motions under Rule 59(e) are the same." *Celli v. New York City*, No. 24 Civ. 9743, 2026 WL 2295864, at *1 (S.D.N.Y. Aug. 10, 2026); *see City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991) ("Motions for reconsideration under [the local rule] . . . are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e) -- each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance.").

WHEREAS, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009);[1] *Bhagat v. Shah*, No. 24 Civ. 1424, 2026 WL 1999176, at *1 (S.D.N.Y. July 10, 2026). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024). "[T]he standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Schneiderman v. Am. Chem. Soc'y*, 172 F.4th 158, 190 (2d Cir. 2026). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Baker v. Powell*, No. 23 Civ. 1626, 2026 WL 2364646, at *1 (S.D.N.Y. Aug. 14, 2026).

WHEREAS, reconsideration is denied because, rather than present new or overlooked law or demonstrate clear error or manifest injustice, Veronica's motion largely rehashes arguments that the Order considered and rejected.

WHEREAS, first, Veronica argues that the May 6, 2026, appointment did not alter her status as a contingent remainder beneficiary of the Ilaria Trust because the appointment is revocable, meaning Ilaria's potential revocation of the appointment "is simply another uncertain condition precedent pursuant to which Veronica may ultimately become a beneficiary of the Ilaria Trust." That argument does not warrant reconsideration. Veronica previously made substantially the same

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

argument, arguing that the May 6, 2026, appointment did not definitively extinguish her interest in the Ilaria Trust because Ilaria may exercise her power of appointment differently in the future. The Order expressly rejected that argument, concluding that "as of the May 6, 2026, appointment, Veronica no longer possesses any interest in the Ilaria Trust," and "[w]hether Veronica might someday reacquire that interest is irrelevant to the Article III inquiry." *Bulgari*, 2026 WL 1961835, at *4.

WHEREAS, Veronica's reliance on *Stafford v. International Business Machines Corp.*, 78 F.4th 62 (2d Cir. 2023), and *Knox v. Service Employees International Union, Local 1000*, 567 U.S. 298 (2012), is misplaced and does not alter that conclusion. The Second Circuit stated in *Stafford* that "no live controversy remains where a party has obtained all the relief she could receive on the claim through further litigation." 78 F.4th at 67. Veronica argues that the converse is also true -- that because she has not yet obtained all relief potentially available on her counterclaims, a "live controversy" remains. But that proposition does not follow, and, in any event, Veronica's argument overlooks the threshold requirement that there be an "actual controversy about the [claimant's] particular legal rights." *Id.* *Stafford* expressly provides that "[a] case becomes moot -- and therefore no longer a Case or Controversy for purposes of Article III -- when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* The mere fact that further relief could theoretically be awarded to a party does not establish a "live controversy" where that party no longer possesses a legally cognizable interest in the relief. The Order concluded that, after the May 6, 2026, appointment, Veronica no longer possesses such an interest in the Ilaria Trust. *Bulgari*, 2026 WL 1961835, at *3-4.

WHEREAS, Veronica's reliance on *Knox* is unavailing for the same reason. *Knox* states that a case becomes moot "only when it is impossible for a court to grant any effectual relief whatever

to the prevailing party," 567 U.S. at 307, but that principle likewise presupposes a concrete interest in obtaining the relief. *Knox* also states that "[a]s long as the parties have a concrete interest . . . in the outcome of the litigation, the case is not moot." *Id.* at 307-08. The mootness inquiry thus asks whether Veronica presently has a concrete interest in the Ilaria Trust, not merely whether the relief sought in her counterclaims has yet to be or can be awarded.

WHEREAS, Veronica also contends that the Order erred in relying on *Marcus v. Quattrocchi*, No. 08 Civ. 9514, 2014 WL 521340 (S.D.N.Y. Feb. 4, 2014), and *Will of Wadsworth*, 527 N.Y.S.2d 918 (4th Dep't 1988), because the beneficiaries exercising powers of appointment in those cases were deceased, whereas here, Ilaria remains free to revoke the May 6, 2026, appointment. That factual distinction does not make the Order clearly or otherwise erroneous. The court in *Marcus* held that contingent beneficiaries retain standing to challenge a trustee's distributions "unless and until the power of appointment is exercised by the donee," and that "the exercise of a non-general power of appointment by the life beneficiary deprives takers-in-default of standing" because that exercise "cuts off the interest of takers-in-default." 2014 WL 521340, at *7. *Marcus* therefore turned on whether the power of appointment was exercised, not whether the exercise was irrevocable. Similarly, the court in *Wadsworth* held that, after a life beneficiary exercised his limited power of appointment to convey trust properties to his spouse, the contingent remainder beneficiary lacked standing to challenge a pre-appointment transaction involving those trust properties because she no longer had any "interest in the[] properties." 527 N.Y.S.2d at 918. Neither case specifies that an exercise of a power of appointment must be irrevocable before it cuts off the interest of a contingent beneficiary. Veronica identifies no clear error that warrants reconsideration.

WHEREAS, second, Veronica argues that the Order is "manifestly unjust" because it effectively permits Ilaria to insulate her conduct as co-trustee of the Ilaria Trust from judicial review. According to Veronica, because Ilaria's exercise of her power of appointment is revocable, any time a contingent beneficiary were to challenge Ilaria's conduct, Ilaria could extinguish that beneficiary's standing by appointing all present and future Ilaria Trust assets to another beneficiary, and could "repeat this maneuver *ad infinitum* and thus ensure that no one ever has standing to assert claims against her in her capacity as co-trustee of the Ilaria Trust." Veronica analogizes that possibility to the voluntary cessation of challenged conduct, which "does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Knox*, 567 U.S. at 307.

WHEREAS, that argument does not establish manifest injustice. As an initial matter, Veronica largely restates concerns already addressed by the Order. The Order considered Veronica's contention that Ilaria had exercised her power of appointment solely to extinguish Veronica's standing and concluded that "the motives underlying the May 6, 2026, appointment do not alter the standing analysis." *Bulgari*, 2026 WL 1961835, at *4. Veronica's characterization of the same concern as "manifest injustice" does not provide a basis for reconsideration of that decision.

WHEREAS, nor does *Knox* support a different result. The voluntary-cessation doctrine applies where a defendant stops the conduct challenged in the lawsuit but remains free to resume that same conduct after the suit's dismissal. *See Knox*, 567 U.S. at 307. Here, by contrast, the May 6, 2026, appointment did not cease or reverse the conduct challenged by Veronica's counterclaims -- i.e., the alleged mismanagement of Ilaria Trust funds and the alleged improper installation of Jonathan Leo as co-trustee of the trust. *See Bulgari*, 2026 WL 1961835, at *1-2.

Rather, the May 6, 2026, appointment altered Veronica's beneficial interest in the Ilaria Trust and extinguished the personal stake necessary to continue challenging the at-issue conduct. The voluntary-cessation doctrine does not apply merely because the act affecting Veronica's standing is revocable.

WHEREAS, the Order also does not, as Veronica contends, establish that no one will ever have standing to challenge Ilaria's conduct as co-trustee. As Veronica herself acknowledges, the May 6, 2026, appointment made AICF the sole beneficiary of the Ilaria Trust and therefore the party with standing to assert a breach of fiduciary duty claim against Ilaria. That Ilaria might later change the identity of the beneficiary does not give Veronica a present interest in the Ilaria Trust. Nor does the possibility that Ilaria could revoke the May 6, 2026, appointment without notifying Veronica -- and may have done so already -- warrant reconsideration. The Order already rejected arguments premised on hypothetical future exercises of Ilaria's power of appointment, explaining that the Article III standing inquiry turns on whether Veronica currently possesses any interest in the trust. *See id.* at *4. Veronica identifies no evidence that the May 6, 2026, appointment has in fact been revoked. Her arguments do not demonstrate manifest injustice or otherwise satisfy the strict standard for reconsideration. For the foregoing reasons, it is hereby

**ORDERED** that Veronica's motion for reconsideration is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 616.

Dated: August 26, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**