GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mitchell A. Karlan
Direct: +1 212.351.3827
Fax: +1 212.351.5254
MKarlan@gibsondunn.com

September 28, 2026

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Bulgari v. Bulgari*, No. 1:22-cv-05072-LGS-RWL

Dear Judge Schofield:

The undersigned firms are counsel for Defendant Veronica Bulgari, in her capacity as Trustee of the Anna Bulgari Family Trusts, in the above-captioned case. Defendant files this letter motion seeking leave to file under seal certain exhibits in support of her motion for summary judgment (the "Sealed Exhibits") and certain text in her Memorandum of Law in Support of Defendant's Motion for Summary Judgment and Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment quoting or describing the Sealed Exhibits (collectively with the Sealed Exhibits, the "Sealed Material"). The Sealed Material reflects (1) documents designated as confidential by Plaintiff or non-party Bulgari Corporation of America during discovery; (2) documents or information that Magistrate Judge Lehrburger has already previously ordered to be sealed in this action; or (3) information that is of the same type that Judge Lehrburger has already previously ordered to be sealed in this action.

The presumption of public access to judicial documents is subject to multiple, well-recognized exceptions designed to protect the type of information at issue here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In determining whether a party has overcome the presumption of public access, courts weigh the presumption of access against factors that outweigh disclosure. *See United States v. Amodeo*, 44 F.3d 141, 146–47 (2d Cir. 1995); *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The presumption may be overcome "to preserve higher values" provided that "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

Here, Defendant only files under seal material that has been designated as confidential during discovery and not previously publicly disclosed, in accordance with the provisions of the Protective Order entered on November 2, 2022, *see* Dkt. 45, or that is consistent with what Judge Lehrburger has already previously ordered to be sealed in this action, *see, e.g.*,

Dkts. 343, 388, 571.[1] Pursuant to Rule I.D.3 of this Court's Individual Rules and Practices for Civil Cases, Defendant understands that to the extent that Plaintiff seeks to continue to keep the Sealed Material under seal, Plaintiff will respond within two business days setting forth her proposed basis to seal. It is Defendant's position that only the categories of information that Judge Lehrburger previously ordered to be sealed should be sealed here: bank account numbers, except the last three characters; personal taxpayer ID numbers, except the last three digits; street and apartment numbers in personal addresses; personal non-work phone numbers and email addresses; information related to Anna Bulgari's medical condition or diagnoses; and references to where Defendant's children go to school. *See, e.g.*, Dkts. 343, 388, 571. Defendant respectfully asks that the Court grant this motion.

---

[1] Defendant notes for the Court's awareness that certain of the Sealed Exhibits were produced by Ilaria during discovery with redactions and it is therefore not possible for Defendant to file fully unredacted versions of these documents under seal for the Court's review.

Respectfully submitted,

Mitchell A. Karlan /lh

Mitchell A. Karlan
James Hallowell
Leesa Haspel

**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
T: (212) 351-3827
mkarlan@gibsondunn.com
jhallowell@gibsondunn.com
lhaspel@gibsondunn.com

*/s/ Michael M. Rosensaft*
Michael M. Rosensaft

**KATTEN MUCHIN ROSENMAN LLP**
50 Rockefeller Plaza
New York, NY 10020-1605
T: (212) 940-8800
michael.rosensaft@katten.com

*Attorneys for Defendant Veronica Bulgari*

cc: All counsel of record (via ECF)

GIBSON DUNN



**Appendix Identifying All Parties And Attorneys Of Record Who Should Have Access To The Sealed Documents:**

- Ilaria Bulgari
- Counsel to Ilaria Bulgari:
    - David Boies, II
    - Peter M. Skinner
    - David Simons
    - Matthew Lane Schwartz
    - Thomas J. McGowan
- Veronica Bulgari
    - Counsel to Veronica Bulgari:
        - Mitchell A. Karlan
        - James L. Hallowell
        - Michael M. Rosensaft
        - Leesa Haspel
        - Katherine Goldberg

Application granted in part and denied in part. Plaintiff filed no response to this request to seal by October 7, 2026 as directed by the order at Dkt. 641. Consistent with the Court's previous rulings on applications to seal in this case, the parties may maintain under seal for purposes of summary judgment filings the information described in categories 2 and 3 herein. Documents designated as confidential may not be maintained under seal in their entirety and instead shall be sealed only with respect to the discrete information in categories 2 and 3 herein.

SO ORDERED:

10/15/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE